[No. 326. Decided October 22, 1891.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK HANSHEW, *Appellant*.

CRIMINAL LAW—INFORMATION—LARCENY—DESCRIPTION OF MONEY.

Under Code 1881, § 1023, an information for grand larceny which describes the property taken as "a quantity of money of the value of seventy-seven dollars," is sufficient, especially where the question of sufficiency is not raised until after verdict, when every intendment will be brought to the aid of the pleading.

*Appeal from Superior Court, Klickitat County.*

The facts in this case are stated in the opinion.

*W. B. Presby*, for appellant:

The information in this case does not contain any character or description of the money alleged to have been stolen. Sec: 1023 of the Code of Washington does not dispense with the necessity of stating some description or character of the money stolen. *People v. Cohen*, 8 Cal. 42; *People v. Ball*, 14 Cal. 101, 73 Am. Dec. 631; *State v. Tilney*, 38 Kan. 714. Such an omission is a fatal objection whenever presented during the progress of a case. *People v. Cox*, 40 Cal. 275.

*H. Dustin*, Prosecuting Attorney, and *James A. Haight*, for The State.

The opinion of the court was delivered by

Hoyt, J.—Appellant was prosecuted in the court below upon an information substantially as follows:

"Frank Hanshew is accused by the prosecuting attorney of Klickitat county, State of Washington, by this information, of the crime of grand larceny, committed as follows, to wit: The said Frank Hanshew, on the 3d day of June,

1891, in the county of Klickitat, State of Washington, then and there being, did unlawfully and feloniously steal, take and carry away a quantity of money of the value of seventy-seven dollars ($77), the property of one Ed. Smith contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the laws of the State of Washington."

Verdict of guilty was duly rendered, motion in arrest of judgment filed and denied, and sentence had, from which this appeal is prosecuted.

The only question presented for our decision is as to the ruling of the court in denying said motion, it being claimed on the part of the appellant that the information does not state facts sufficient to constitute a crime, and that therefore judgment should have been arrested. The attack of appellant upon said information is founded upon the manner in which the property alleged to have been stolen is described, and it is clear that if the information is investigated under the rules applicable to an information or indictment at common law it would be insufficient; but § 1023 of our code has materially changed such rule, and under it a much less complete description of money or other property mentioned therein than that required at common law is sufficient. Investigated in the light of said section, and of the other provisions of our code relating to the sufficiency of indictments, we think the description sufficient, and that the information states facts constituting a crime. It is possible that such statement is imperfect, and that the defendant ought to have been furnished with further particulars, and had he seasonably raised a question as to the sufficiency of the information, it might have been the duty of the court to have required a better pleading on the part of the prosecution; but where, as in this case the question as to the sufficiency of the pleading is not raised until after verdict, every intendment will be brought to the aid

of the pleading, and, thus aided, we think this information clearly sufficient.

The judgment and sentence of the court below will therefore be affirmed.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.