[No. 1400. Decided February 8, 1895.]

THE STATE OF WASHINGTON, *Appellant*, v. NELLIE BLANCHARD, *Respondent*.

LARCENY — DESCRIPTION OF MONEY STOLEN — OBJECTION TO INFORMATION AFTER PLEA — HOW RAISED.

An information for larceny of a sum of money need not contain a special allegation of the value, under Code Proc., § 1253.

*Semble*, that an objection to the sufficiency of an information, if permissible to be raised by a motion for the exclusion of testimony instead of by demurrer, cannot properly be raised while a plea of not guilty is pending.

*Appeal from Superior Court, King County.*

*John F. Miller*, Prosecuting Attorney, and *A. G. Mc-Bride*, for the state.

The opinion of the court was delivered by

ANDERS, J.—The information in this case charged that, "she, the said Nellie Blanchard, in King county, state of Washington, on the 19th day of March, 1894, three hundred and ten (310) dollars, lawful money of the United States, the money and property of Robert De Lancy, unlawfully, willfully and feloniously, did steal, take and carry away." To this charge a plea of not guilty was entered.

The cause came on regularly for trial, and, after the jury was impaneled and sworn, counsel for the defendant moved the court for an order excluding all testimony, upon the grounds, "that the information is not sufficiently specific and does not state facts sufficient to constitute a cause of action." The motion was granted, and judgment entered comformably thereto, and the state, by its counsel, appealed.

Our statute provides that, "in an indictment or information for larceny or embezzlement of money . . . it is sufficient to allege the larceny or embezzlement to be of money, without specifying the coin, number, denomination, or kind thereof." Code Proc., § 1253. This statute, by its terms, renders a particular description unnecessary when the property alleged to have been stolen is money.

But, of course, the thing stolen, whatever it may be, must be alleged to have some value, for otherwise it would not be a subject of larceny at all. And it is stated in the brief of counsel for the appellant that the learned trial judge held the information bad because, in his opinion, it did not allege the value of the three

hundred and ten dollars therein mentioned.    If such was the fact, the court was in error.    It seems plain to us that the words "lawful money of the United States," denote value, and that the designation of the denomination, as dollars, is itself a statement of value.    If a lawful dollar is not of the value of a dollar, then we have no means whatever of determining the value of money. In our opinion, if the information had charged that the larceny was committed by stealing three hundred and ten dollars of the value of three hundred and ten dollars, it would not have been any more specific and certain as to value than it was as filed, as the phrase "of the value of three hundred and ten dollars" would have been mere surplusage, expressive of nothing not already clearly stated. ·

In the case of *State v. King*, 37 La. An. 91, where the charge was that the accused "feloniously did steal, take and carry away certain money, to wit, the sum of ten dollars of the goods and money of one John Losch," the court said:    "To have charged that the larceny was committed by stealing ten dollars of the value of ten dollars would have been tautology."    And the information in that case was based upon a statute quite similar to our own.    See, also, *Gady v. State*, 83 Ala. 51 (3 South. 429); *State v. Anderson*, 25 Minn. 66 (33 Am. Rep. 455).

The objections to the information should have been overruled.

Counsel for the appellant criticises the action of the court in permitting the defendant to raise the question of the sufficiency of the information by a motion to exclude testimony instead of by demurrer.    We see no warrant in the statute for such a practice, but if it is allowable at all, the defendant should first ask leave to withdraw his plea of not guilty.    The statute prescribes

the mode of procedure in criminal cases, as well as civil, and provides that the information may be attacked by motion to set it aside, by demurrer, or by motion in arrest of judgment. No provision is made for a demurrer, or for any motion in the nature of a demurrer, pending the plea of not guilty, save the motion in arrest of judgment.

The statute seems to imply that motions to quash and demurrers should be interposed prior to the joinder of issue of fact by plea. Code Proc., § 1274. But even conceding that the objection, that the information does not charge an offense, may be taken advantage of during the trial, still it would seem to be the better practice not to entertain such objection until the plea is withdrawn. In civil cases the statute provides that the objection, that the complaint does not state a cause of action, may be interposed at any stage of the proceedings, but, as we have before said, we find no such provision in the criminal code; and it may be questionable whether such an objection as that now under consideration should be considered by the court, especially in view of the statutory provision (Code Proc., § 1202) that "all the forms of pleading in criminal actions heretofore existing are abolished; and hereafter the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed herein." But it is not necessary at this time to definitely pass upon that question, and we refrain from doing so.

The judgment is reversed, and the cause remanded for further proceedings.

HOYT, C. J., and SCOTT and DUNBAR, JJ., concur.