[No. 1616.  Decided March 16, 1895.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN DOE
BODECKAR, *Respondent.*

SELLING LIQUOR WITHOUT LICENSE — SUFFICIENCY OF INFORMATION —
DISMISSAL — DISCHARGE OF DEFENDANT.

In an information charging defendant with the sale of intoxicating
liquors without having obtained a license therefor, in violation of
§ 133, Penal Code.  An allegation that the name of the person to
whom the sale was made is unknown, is sufficient, without specify-
ing the name of the individual to whom sale was made.

Where an information is found insufficient upon demurrer, it is
error for the court to discharge defendant from custody, unless the
demurrer is sustained because the information contains matter
which is a legal defense to the action.

The sufficiency of an information should be challenged by motion
to set aside or by demurrer, or both, prior to the entry of plea of
not guilty, and it is irregular and improper to permit its sufficiency
to be challenged for the first time by objections to the introduction
of testimony.

*Appeal from Superior Court, King County.*

*John F. Miller*, Prosecuting Attorney, *A. G. McBride*
and *A. W. Hastie*, for The State.

The opinion of the court was delivered by

ANDERS, J.—The prosecuting attorney filed an in-
formation, in the superior court of King county, ac-
cusing the defendant of the crime of selling intoxicating
liquor without having obtained a license therefor from
the proper authorities.    The offense is alleged to have
been committed as follows:

"John Doe Bodeckar, whose true Christian name is
to the prosecuting attorney unknown, in King county,
state of Washington, on the 4th day of July, 1894, un-
lawfully and wilfully did sell and dispose of, for and in
consideration of money, intoxicating malt liquor, to-

27—11 WASH.

wit: beer, commonly known and designated as lager beer, to a person and persons whose name is to the prosecuting attorney unknown, said malt liquor then and there being an intoxicating liquor and not then and there sold upon the written prescription of any reputable physician or for medical, mechanical or scientific purposes but for the purpose of beverage only, said intoxicating liquor as aforesaid then and there not sold within the corporate limits of any city, town or village or within one mile of the corporate limits of any city, town or village, or within one mile of the corporate limits of the same, he, the said John Doe Bodeckar, whose true Christian name is unknown to the prosecuting attorney as aforesaid, not then and there having a license issued by the proper authorities to sell intoxicating liquors in King county, state of Washington."

It does not appear that the defendant either interposed a motion to set aside the information, or demurred thereto, but it does appear that the cause was regularly called for trial, that a jury was regularly impaneled and sworn, and that a witness was called upon the part of the state. The defendant then objected to the introduction of any evidence for the alleged reason that the information does not state an offense. The court, after argument, sustained the objection, and thereupon released the defendant from custody, exonerated his bondsmen and discharged the jury. From such judgment the state prosecutes this appeal.

This action was instituted under § 133 of the Penal Code. The crime charged is, therefore, a statutory one, and the sufficiency of the information must be tested by the provisions of the statute itself. Sec. 1234 of the Code of Procedure provides that —

"The indictment or information must contain, (1), the title of the action, specifying the name of the court to which the indictment or information is presented,

and the names of the parties; (2), a statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

Sec. 1244 states when an indictment or information is sufficient, and it seems to us that the information in question is in substantial conformity to these sections of the code. It is evident that the acts constituting the offense charged in this instance are stated in ordinary and concise language, and in such a manner as to enable any person of ordinary understanding to know what was intended, and that is all that the law requires in charging the offense.

It is stated in the brief of counsel for the appellant that the court deemed the information insufficient for the reason that it did not state the name of the person, or persons, to whom the liquor therein mentioned was sold. It is true that the name of the person to whom the beer was sold is not stated in the information, but many courts hold that in cases of this character it is not necessary to designate the name of the party to whom the sale was made. *State v. Becker*, 20 Iowa, 438; *State v. Schweiter*, 27 Kan. 499; *State v. Gummer*, 22 Wis. 422; *State v. Jaques*, 68 Mo. 260; *State v. Heldt*, 41 Tex. 220.

But even where it is held that the name of the person to whom the intoxicating liquor was sold should be stated, the indictment or information is nevertheless held sufficient if it is alleged that the name of such person is unknown. The crime, under our statute, consists in the selling, and there would seem to be no reason why the name or names of the individual or individuals to whom the sale is made should be specified. But however that may be, we think that

where it is shown by the information, as in this case, that the party was unknown, the information is sufficiently definite and certain in that regard.

It was said in *Myers v. People*, 67 Ill. 503, that where it is an offense to sell spirituous liquors to a specified class of persons, or persons of certain habits, etc., then the names of those persons should be set forth, in order that the defendant may have an opportunity to prepare for his defense. We think the correct rule, and the one supported by most of the authorities, is laid down by Mr. Bishop in his Criminal Procedure (Volume 1, § 548), as follows:

"A sale of intoxicating liquor without a license, where the license is from public authority and evidenced by a public record, may be charged as to a person unknown to the jurors."

He farther says, in the same section:

"Even, by some opinions, if the name is known it need not be alleged, though other opinions require the name where known."

In our opinion the court also erred in discharging the defendant upon the objections made at the trial. It is enacted in § 1278 of the Code of Procedure that if the court direct that the case be resubmitted, the defendant, if already in custody, must so remain, unless he be admitted to bail; or, if already admitted to bail, or money has been deposited instead thereof, the bail or money is answerable for the appearance of the defendant to answer a new indictment or information. That section relates to cases where the indictment has been set aside upon motion, or found insufficient upon demurrer. The only authority given the court for discharging a defendant upon demurrer, and the objection under consideration must be deemed a demurrer, is that contained in § 1281, which is as follows:

" If the demurrer is sustained because the indictment or information contains matter which is a legal defense or bar to the action, the judgment shall be final, and the defendant must be discharged."

In this case there was nothing stated in the informaation which could possibly be construed as a legal defense or bar to the action, and the court was therefore not warranted in discharging the defendant. The court should have held him to answer a new information, even though it was of the opinion that the facts stated did not constitute an offense.

We cannot commend the practice of permitting the sufficiency of informations to be challenged for the first time by objections to the introduction of testimony. The law evidently contemplates that the defendant must either move to set aside the information, or demur thereto, or both, prior to entering his plea of not guilty, and, when he fails to do so, courts should not ordinarily permit him to call in question the sufficiency of the information in the manner which was done in this case. While the court should not permit a defendant to be tried or convicted upon an insufficient indictment or information, if properly objected to, it is but just to the state that it have notice of the particular objections which may be interposed to the accusation set forth in the information, and an opportunity to meet them in an orderly manner. This cannot be said to be the case where objections of this character are interposed at the trial.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.