[No. 3026.  Decided November 22, 1898.|

THE STATE OF WASHINGTON, *Appellant,* v. GEORGIA PALMER, *Respondent.*

LARCENY OF MONEY—DESCRIPTION OF PROPERTY TAKEN.

In an information charging the stealing of money, no particular description of the money is necessary, under Bal. Code, § 6859 (2 Hill's Code, § 1253), which provides that in an indictment or information for larceny or embezzlement of money, it is sufficient to allege the larceny or embezzlement to be of money, without specifying the coin, number, denomination or kind thereof.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.  Reversed.

*James F. McElroy,* Prosecuting Attorney, *John B. Hart* and *Walter S. Fulton,* for The State.

PER CURIAM.—This appeal was taken by the state from an order of the superior court of King county sustaining a demurrer to the following information, omitting title and formal parts:

" She, the said Georgia Palmer, in the county of King, state of Washington, on the 30th day of March, A.D. 1898, the personal goods and property of one Ebert Ora, consisting of one hundred and ninety-five ($195.00) dollars in lawful money of the United States, the same being of the value of one hundred and ninety-five ($195.00) dollars in lawful money of the United States, she the said Georgia Palmer then and there being, did then and there unlawfully, wilfully and feloniously take, steal and carry away, contrary," etc.

The reason which counsel assigns why the demurrer was sustained is that the description of the money alleged to have been stolen was considered by the lower court as insufficient.  This question is settled by the statute

(§ 6859, Bal. Code, 2 Hill's Code, § 1253), as has been frequently declared by this court. *State v. Hanshew,* 3 Wash. 12 (27 Pac. 1029); *State v. Blanchard,* 11 Wash. 116 (39 Pac. 377); *State v. Johnson,* 19 Wash. 410 (53 Pac. 667).

As was said in *State v. Blanchard, supra,* this statute (§ 6859, *supra*), by its terms, renders a particular description unnecessary when the property alleged to have been stolen is money. In view of the conclusion reached upon the demurrer, it becomes unnecessary to consider the other orders made by the lower court subsequent to the giving of the notice of appeal. The order must be reversed and the cause remanded, with direction to the lower court to overrule the demurrer.