[No. 3605. Decided February 5, 1902.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS PHILLIPS, *Appellant*.

LARCENY — VARIANCE BETWEEN INFORMATION AND PROOF — FOREIGN MONEY.

An information charging defendant with the larceny of lawful money of the United States is not sustained by proof showing that the money stolen was Canadian bills.

SAME — SUFFICIENCY OF EVIDENCE.

Evidence that the package stolen contained three $100 Canadian bills, one or two $5 and six or seven $10 bills, without describing the latter bills in any particular, is not sufficient to establish that lawful money of the United States was stolen.

SAME — INSTRUCTIONS.

Where the information charged defendant with the larceny of lawful money of the United States, an instruction of the court is erroneous as going beyond the issues, when it charges that the property alleged to have been taken and carried away by defendant consisted of certain Canadian bills, said to have a value in this country of over thirty dollars; and that the jury should determine whether or not these Canadian bills were feloniously taken and carried away from the prosecuting witness at the time alleged in the information.

Appeal from Superior Court, Snohomish County.—Hon. FRANK T. REID, Judge. Reversed.

*Silas M. Shipley* and *Denney & Hulbert,* for appellant.

*Walter S. Fulton,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

REAVIS, C. J.—The defendant was convicted of the crime of larceny, and sentenced to ten years' imprisonment. The information charged grand larceny in the following form:

"That he, the defendant, in King county, state of Washington, on the 5th day of July, A. D. 1899, the personal goods and property of F. W. Miller, consisting of three hundred and eighty ($380) dollars in lawful money of the United States, of the value of three hundred and eighty ($380) dollars in lawful money of the United States, did wilfully, unlawfully, and feloniously take, steal, and carry away."

The verdict of the jury found "the defendant, Thomas Phillips, guilty as charged." At the trial the evidence describing the property stolen was given by the prosecuting witness, Miller. Miller stated that he had in a paper package in the inside pocket of his vest three $100 Canadian bills, one or two $5 and six or seven $10 bills, without describing the latter bills in any manner. The evidence also

tended to show that the defendant, in connection with two others, stole the package with the Canadian and other bills from the prosecuting witness. The record has been carefully examined, and no further or more specific description of the money contained in the package stolen can be gathered from the testimony. The statement of the prosecuting attorney in opening the case before the jury was that defendant feloniously stole and carried away $380 lawful money of the United States, of the value of $380 lawful money of the United States, the personal property of another. The court gave the following instruction, to which exception was duly taken by counsel for defendant:

"The property alleged to have been taken and carried away by the defendant in this case consists of certain Canadian bills, said to have the value here in this country of over thirty dollars. It is for you, gentlemen, to determine whether or not the facts in this case are that this property,—these Canadian bills,—were feloniously taken and carried away from the prosecuting witness at the time alleged in the information. You must also be satisfied that the property was of the value of thirty dollars."

In § 6859, Bal. Code, it is provided:

"In an indictment or information for larceny or embezzlement of money, bank notes, certificates of stock, or valuable securities, or for a conspiracy to cheat or defraud a person of any such property, it is sufficient to allege the larceny or embezzlement, or the conspiracy to cheat and defraud, to be of money, bank notes, certificates of stock, or valuable securities, without specifying the coin, number, denomination, or kind thereof."

It was said in *State v. Hanshew,* 3 Wash. 12 (27 Pac. 1029), with reference to an objection urged against the information that it did not state facts sufficient to constitute a crime, not made until after conviction, that the allegation, "a quantity of money of the value of $77" is suf-

ficient. It is apparent that, by the provisions of the above section, the term "money" is a sufficient description when the defendant goes to trial without requiring a more definite specification. But it seems that "money," as used in the statute, is lawful money or legal tender, either metal or currency, of the United States. It will be observed that the section of the Code quoted distinguishes money from bank notes, certificates of stock, or valuable securities. Wharton, Criminal Pleading & Practice (9th ed.), § 190; Wharton, Criminal Evidence (9th ed.), § 116a; Bishop, Statutory Crimes (3d ed.), § 346; *Lewis v. State,* 28 Tex. App. 140 (12 S. W. 736); *Otero v. State,* 30 Tex. App. 450 (17 S. W. 1081); *Wade v. State,* 35 Tex. Cr. Rep. 170 (32 S. W. 772, 60 Am. St. Rep. 31).

But it will be observed the charge in the information is stealing lawful money of the United States. It seems that, if a description is specified and thus made material in the information, it must be proven. 3 Rice, Criminal Evidence, § 248; 1 Greenleaf, Evidence, §§ 63, 65; *State v. Van Cleve,* 5 Wash. 642 (32 Pac. 461).

It is, however, urged by counsel for the state that it appears from the evidence that at least lawful money of the United States above the value of $30 was in the package taken from the prosecuting witness. But, as suggested before, we have not found sufficient evidence to sustain this contention. It is also urged that the objection of variance between the proof and the charge in the indictment was not seasonably made by defendant, and that it was too late after the verdict to raise such objection upon motion for a new trial. But the objection to the charge of the court was seasonably made. An inspection of the instruction discloses that it was error. There was no intimation in the information or in the statement of the prosecuting

attorney that defendant was charged with stealing Canadian bills. Canadian bills are not money within the meaning of Bal. Code, § 6859, *supra,* and cannot, under the most expansive and secondary definitions, be described as lawful money of the United States. The instruction of the court assumed that the defendant was tried upon a charge outside the information, and the jury were authorized to convict upon such assumption.

The judgment is reversed and the cause remanded for a new trial.

FULLERTON, MOUNT and HADLEY, JJ., concur.