[No. 7245.  Decided September 15, 1908.]

THE STATE OF WASHINGTON, *Appellant*, v. MARION C. STRANGE, *Respondent*.[1]

INDICTMENT AND INFORMATION — OBJECTIONS — WAIVER BY PLEA. Entry of a plea of not guilty waives the right to object to an information on the ground that it was filed while a grand jury was in session.

SAME—TIME FOR FILING—SESSION OF GRAND JURY. Bal. Code, § 6802, providing that an information may be filed when the grand jury is not in session, refers to actual sessions, and does not preclude the filing of an information during the interval of a specified adjournment of the grand jury.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered November 29, 1907, upon a trial and conviction of the offense of family desertion. Affirmed.

*R. H. Kipp* and *J. L. Wallace*, for appellant.

*R. J. Neergaard* and *McCroskey & Canfield*, for respondent.

ROOT, J.—On the 29th day of October, 1907, the prosecuting attorney of Whitman county filed an information against respondent, charging him with the crime of family desertion. A grand jury had been convened by order of the court, on the 21st day of October, 1907, and after continuing at labor until the 26th of October, adjourned until November 4, 1907, the information having been filed as aforesaid during the interval of this adjournment. The respondent was arraigned on the 4th of November, entered a plea of not guilty at that time, and appeared for trial on the 29th day of November, 1907. No demurrer or motion of any kind was interposed as against the information until the case was

[1]Reported in 97 Pac. 233.

called for trial and a jury had been empaneled and sworn to try the case. Then respondent objected to proceeding further, on the ground that the prosecuting attorney had no authority to file an information at the time when this information was filed, claiming that, in contemplation of law, the grand jury was then in session. The plea of "not guilty" was not withdrawn. The trial court sustained the objection and dismissed the action. From this judgment of dismissal, the state appeals.

It is the appellant's contention that the respondent waived his right to demur, to quash, or set aside the information, and any objection he may have had to the filing of the information by the prosecuting attorney, when he entered his plea of not guilty instead of interposing such demurrer, motion, or objection. Appellant further contends that, at the time this information was filed, the grand jury was not in session within the meaning of the statute which limits the time wherein an information may be filed by such officer. We think both of these contentions must be upheld. When the respondent was called upon to enter his plea to the information, he should have interposed any objection which he had to the filing thereof by the prosecuting attorney. A defendant in a criminal case should not be permitted to put a county and the state to the expense of preparing for a trial and then spring an objection that might and should have been interposed prior to the incurring of such expense.

Bal. Code, § 6802 (P. C. § 2077), provides that the prosecuting attorney may file an information "whenever any person is in custody or on bail on charge of felony or misdemeanor, and the court is in session, and the grand jury is not in session, or has been discharged." We think the expression "in session" means in actual session. Otherwise the words "or has been discharged" would be meaningless. In this case the grand jury adjourned from October 26 to November 4. During that time it was not in actual session, but it had not

"been discharged." We think that during an interval of that kind the prosecuting attorney is authorized by this statute to file an information in a case of this character.

The judgment of the honorable superior court is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

RUDKIN, CROW, and DUNBAR, JJ., concur.

FULLERTON, J., concurs for the reason last stated.

HADLEY, C. J., and MOUNT, J., took no part.