[No. 26063. Department Two. April 13, 1936.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES BEEBE, *Appellant.*[1]

*J. P. Tonkoff,* for appellant.

*Robert J. Willis* and *George W. Wilkins,* for respondent.

[1]Reported in 56 P. (2d) 682.

656

BLAKE, J.—The defendant was convicted on an information of the crime of carnal knowledge, the charging part of the information reading as follows:

"He, said James Beebe, between the dates of February 15, 1935, and May 11, 1935, within Yakima county, Washington, then and there being, did then and there knowingly and feloniously carnally know and abuse a female child under the age of eighteen years, not his wife, to-wit, a female child of the age of twelve years, and under the age of eighteen years, by then and there having sexual intercourse with her."

There is but one error raised on the appeal: That the information does not set up facts sufficient to constitute the crime, in that it fails to state the name of the complaining witness.

From the record, it appears that the appellant was arraigned and entered a plea of not guilty. A jury was thereafter empaneled and sworn to try the cause. The state's attorney made his opening statement, and a witness for the state testified, after being duly sworn. Thereupon, for the first time, appellant interposed a demurrer to the information. The demurrer was overruled, whereupon the cause proceeded to verdict, judgment and appeal, without further challenge to the sufficiency of the information.

This court has repeatedly held that a challenge made under such circumstances is neither timely nor sufficient to set aside a verdict of guilty. *State v. Blanchard,* 11 Wash. 116, 39 Pac. 377; *State v. Bodeckar,* 11 Wash. 417, 39 Pac. 645; *State v. Strange,* 50 Wash. 321, 97 Pac. 233; *State v. Phillips,* 65 Wash. 324, 118 Pac. 43; *State v. McBride,* 72 Wash. 390, 130 Pac. 486. In the last cited case, the court said:

"We have repeatedly held that a demurrer to the information, or any motion in the nature of a demurrer, may not be entertained pending a plea of not guilty, save the motion in arrest of judgment."

No motion in arrest of judgment having been interposed, the exception noted in the quotation and applied in *State v. George,* 79 Wash. 262, 140 Pac. 337, is not available to appellant here.

We are not willing to depart from the rule laid down in the cited cases—particularly, since it is clear from the record that, from the time of his arrest, appellant knew who the complaining witness was.

Judgment affirmed.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.