[No. 26963.  Department One.  March 28, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN P. PIPER, *Appellant.*[1]

*Stephen J. O'Brien,* for appellant.

*Harry H. Johnston* and *John W. Fishburne,* for respondent.

GERAGHTY, J.—The appellant was found guilty by the verdict of a jury of the crime of negligent homicide, as defined in Laws of 1937, chapter 189, § 120, p. 911, Rem. Rev. Stat., vol. 7A, § 6360-120. Upon the denial of his motion for a new trial, judgment was entered sentencing him to a term of six months in the county jail and the payment of a fine of five hundred dollars.

Two errors are assigned as grounds for reversal. Under the first assignment, the appellant challenges the sufficiency of the information.

The record before us does not disclose that the appellant, either by demurrer or motion in arrest of judgment, attacked the information in the court below. Under our uniform holding, the sufficiency of the information cannot be raised for the first time in this

[1]Reported in 77 P. (2d) 779.

court. See *State v. Beebe,* 185 Wash. 655, 56 P. (2d) 682, and cases there cited.

The second assignment, made for the first time in appellant's reply brief, is based upon the refusal of the court to give the following instruction requested by him:

"If you find from the evidence that immediately prior to the time of impact between the automobile, driven by the defendant, and the person, said John Stavros, that John Stavros, the deceased, ran around the front of said street car and collided into and against the right rear door of the defendant's automobile and that this conduct on the part of the deceased was the direct and proximate cause of the collision which resulted in the death of John Stavros, then it is your duty to find the defendant not guilty."

Without passing upon the timeliness of this assignment, we may say that the appellant could not have been prejudiced by the court's refusal to give the requested instruction, because an instruction was given by the court as follows:

"You are further instructed that if the evidence introduced on behalf of the defendant in support of the theory that the conduct of the deceased in running around the front of said street car and colliding into and against the right rear portion of defendant's car, was the direct and proximate cause of the death of John Stavros, raises a reasonable doubt in your minds as to whether the acts of misconduct by the defendant as charged in the information, were the direct and proximate cause of the death of John Stavros, then it is your duty to find the defendant not guilty."

This and other instructions given by the court covered fully the issue of proximate cause.

The judgment is affirmed.

STEINERT, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.