[No. 30999. Department One. December 22, 1949.]

THE STATE OF WASHINGTON, *Respondent,* v. EUGENE
WILLIAMS, *Appellant.*[1]

 

*Lowell B. Vail,* for appellant.

*Leslie M. Carroll* and *Dennis H. Pottratz,* for respondent.

DONWORTH, J.—The defendant was charged in the superior
court with the crime of family desertion under the pro-
visions of Rem. Supp. 1943, § 6908 [P.P.C. § 115-1]. The
material part of the information alleged:

"That the said defendant, Eugene Williams, in the County
of Spokane, State of Washington, on or about the 18th day
of January, 1949, and for months prior thereto, then and
there being, did then and there willfully, unlawfully and
feloniously, having four children under the age of sixteen
years dependent upon him for care, education and support,
desert such children and omit, and has since omitted to
furnish necessary food, clothing, shelter and medical atten-
tion for said children."

Upon his arraignment the defendant, being represented
by counsel, pleaded guilty to the information. At the re-
quest of his attorney, he was sworn and testified fully as
to the circumstances regarding his failure to support his
four children.

The superior court thereupon found the defendant guilty
of the crime of family desertion and sentenced him to con-
finement in the state penitentiary for a term of not more

[1] Reported in 212 P. (2d) 777.

324

than twenty years. From this sentence, the defendant has appealed to this court.

Appellant's two assignments of error are (1) that the information fails to state sufficient facts to constitute a crime, and (2) that the judgment and sentence is erroneous and void for that reason. The two assignments involve the same legal questions.

■ These assignments may not be considered by us because no challenge to the sufficiency of the information was interposed in the superior court. Under our decisions, the sufficiency of the information cannot be raised for the first time in this court. This rule is clearly stated in *State v. Piper,* 194 Wash. 194, 77 P. (2d) 779, in the following language:

"Two errors are assigned as grounds for reversal. Under the first assignment, the appellant challenges the sufficiency of the information.

"The record before us does not disclose that the appellant, either by demurrer or motion in arrest of judgment, attacked the information in the court below. Under our uniform holding, the sufficiency of the information cannot be raised for the first time in this court. See *State v. Beebe,* 185 Wash. 655, 56 P. (2d) 682, and cases there cited."

See, also, *State v. Taylor,* 196 Wash. 37, 81 P. (2d) 853, and *State v. Karsunky,* 197 Wash. 87, 84 P. (2d) 390.

Appellant relies on *In re Brandon v. Webb,* 23 Wn. (2d) 155, 160 P. (2d) 529, as supporting his position. However, this case holds that a plea of guilty to second degree murder waives the right to be tried by a jury. It does not bear upon our problem here.

■ In his reply brief appellant moves that the statement of facts be stricken because it was not served and filed within the time prescribed in Rule of Supreme Court 9, 18 Wn. (2d) 9-a. This motion must be granted, but, for the reason above stated, we cannot consider the statement of facts in any event, since the errors assigned by appellant are not properly before us.

There being no error in the record which is reviewable by

this court, the judgment and sentence of the superior court ·must stand affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and GRADY, JJ., concur.