[No. 23481-1-I. Division One. June 11, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN MIZELL HOPPER, *Appellant.*

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for respondent.

FORREST, J.—Steven Mizell Hopper appeals from his conviction of assault in the second degree, contending that the information was constitutionally defective. We agree and reverse with instructions to dismiss.

On June 30, 1988, Seattle Police Officer David Shelton and his partner were flagged down by a pedestrian, who pointed out a man holding a woman while she was attempting to leave. The officers ordered the man, later identified as Hopper, to release her. He refused and was arrested. During the officers' attempt to handcuff Hopper, he allegedly struck Shelton with a flashlight. Hopper was charged by second amended information with:

> the crime of assault in the second degree, committed as follows:
> That the defendant Steve Mizell Hopper, in King County, Washington, on or about June 30, 1988 did assault Officer D. Shelton, a human being, with a <u>deadly</u> weapon, and other instrument or thing likely to produce bodily harm, to–wit: a flashlight;
> Contrary to RCW 9A.36.021(1)(a), (1)(c) and against the peace and dignity of the state of Washington.

The jury was instructed that it could convict Hopper of assault in the second degree if it found he "knowingly

assaulted Officer Shelton with a weapon or other instrument or thing likely to produce bodily harm." Instruction 4. Hopper was found guilty as charged, and he appeals.

 The second amended information is constitutionally defective because the statutory element "knowingly" contained in RCW 9A.36.020 has been omitted.[1]

> The omission of *any* statutory element of a crime in the charging document is a *constitutional* defect which may result in dismissal of the criminal charges.

*State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985). An information cannot be cured by a showing that the defendant was reasonably informed of what he was being accused, despite the missing element. The court in *State v. Leach,*[2] did not change the basic rule in *Holt.* At most, it suggested that *Holt* was imprecise in defining the rule in terms of *statutory* elements only, rather than *facts* to support the elements.[3]

The State argues that (1) because the information followed the language of RCW 9A.36.020(1)(c), it was clear which statute and subsection applied and Hopper was reasonably informed since he could look at the statute and

---

[1]RCW 9A.36.020, which was in effect on the date of the crime, provides in part: "(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; . . .".

[2]113 Wn.2d 679, 782 P.2d 552 (1989).

[3]The dissent cites *State v. Bailey,* 114 Wn.2d 340, 787 P.2d 1378 (1990) to support a change in the rule of *Holt* and *Leach.* Neither the majority nor the dissent in *Bailey* mentions these two leading cases. It would be remarkable indeed to modify the rule without even mentioning, let alone discussing or analyzing, these well known cases. Bailey was properly charged with statutory rape in the first degree. The case arose from the trial court erroneously giving a lesser included offense instruction for indecent liberties, to which no exception was taken. A conviction of indecent liberties requires proof of non–marriage, which is not an element of rape and was not charged. This would appear to present an issue as to amendment under CrR 2.1(e). However, the court clearly treated this as instructional error, not charging error. The court's holding is succinctly summarized by Justice Andersen. "Reversal is unwarranted because the defendant failed to except to the lesser included offense *instructions* at trial, and because any error presented by the trial court's *instructions* to the jury was harmless." (Italics ours.) *Bailey,* at 344.

find that the element "knowingly" was present; (2) the certificate of probable cause used language clearly indicating that "knowing" conduct was required; (3) all forms of assault require a mental state, and using common sense a defendant would realize that "knowing" is an element of the crime of assault; and (4) Hopper had actual notice since he had a copy of the first amended information that had been filed but denied by the court and that contained the "knowingly" element. Individually and collectively these are insufficient to sustain the information.

The *Leach* court concluded

> that the "essential elements" rule requires that a charging document *allege facts supporting every element of the offense,* in addition to adequately identifying the crime charged.

*Leach,* at 689. The State's assertions fail to demonstrate that the charging document charging Hopper with assault in the second degree satisfies this requirement. The information neither alleges "knowingly" nor alleges facts clearly establishing the mental state of "knowingly". Accordingly, the information is constitutionally defective and the conviction must be reversed.[4]

Reversed and remanded with instructions to dismiss.

WINSOR, J., concurs.

WEBSTER, J.—I dissent. In the absence of prejudice, there is no rational reason to reverse Hopper's conviction based on a technically defective information, even when that defect is constitutional in character. In its most recent decision addressing a technically defective information, the Washington Supreme Court refused to reverse a conviction when the error was harmless beyond a reasonable doubt.

---

[4]Hopper also contends that the information is defective because it made reference to RCW 9A.36.021, a statute that was not in effect at the time of the offense. A citation to an inapplicable statute, when the information uses the language of the applicable statute, is a technical defect. Technical defects do not affect the substance of the charged offense, do not prejudice the defendant and thus do not require dismissal. *Leach,* at 696. However, in light of the constitutional insufficiency of the information, this issue is moot.

*State v. Bailey,* 114 Wn.2d 340, 348, 787 P.2d 1378 (1990) (conviction of indecent liberties affirmed, despite omission of essential, nonmarriage element of crime from information charging statutory rape). The *Bailey* decision indicates that the harmless error rule applies here.

The rationale for this approach is sound. The majority permits a defendant aware of a defective information to gamble on an acquittal and obtain a reversal if convicted. The State, ignorant of the error, is forced to retry the defendant. The result is an unjustified waste of public funds and judicial time and resources.

> A defendant in a criminal case should not be permitted to put a county and the state to the expense of preparing for a trial and then spring an objection that might and should have been interposed prior to the incurring of such expense.

*State v. Strange,* 50 Wash. 321, 322, 97 P. 233 (1908).

> [I]t is but just to the state that it have notice of the particular objections which may be interposed to the accusation set forth in the information, and an opportunity to meet them in an orderly manner.

*State v. Bodeckar,* 11 Wash. 417, 421, 39 P. 645 (1895).

A defendant has a constitutional right to know the "nature and cause of the accusation against him". Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 6. But even constitutional error does not justify retrial if the error is "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1867). The harmless error rule "allows the appellate court to avoid reversal on merely technical or academic grounds while insuring that a conviction will be reversed where there is any reasonable possibility that" the error prejudiced the defendant. *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986).

Hopper has neither alleged nor shown prejudice. Hopper knew the State had to prove that he *knowingly* assaulted a police officer with an instrument or thing likely to produce bodily harm. Moreover, the facts do not suggest that Hopper would have presented a different defense had the information alleged that he knowingly assaulted the officer. The

only issue was whether an assault occurred, not whether Hopper committed it knowingly (as opposed to accidentally) or whether he knew the flashlight was an instrument or thing likely to produce bodily harm (as opposed to a harmless device). Any error in the charging document was harmless beyond a reasonable doubt.

I would affirm.

Reconsideration denied August 6, 1990.

Review granted at 115 Wn.2d 1027 (1990).