[No. 24167-2-I.   Division One.   January 14, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY WENDELL WEIDING, *Appellant*.

*Levy S. Johnston* and *Johnston & Neal,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

PEKELIS, J.—Larry Wendell Weiding appeals his conviction on one count of second degree assault. He contends that the information was constitutionally defective because it (1) charged him under a statute that was not in effect at the time the alleged offense occurred, and (2) failed to allege the element of knowingly, a statutory element of second degree assault.

I

On August 26, 1988, an information was filed charging Larry W. Weiding with second degree assault. The relevant language of the information provided as follows:

> That the defendant, on or about the 4th day of June, 1988, did *assault* another person, to–wit: Andre Guiberson, with a deadly weapon, to–wit: motor vehicle; proscribed by RCW 9A.36.021[(1)](c), a felony.

(Italics ours.)

The reference to RCW 9A.36.021(1)(c) was an error, since that statute did not take effect until July 1, 1988, approximately 4 weeks after the alleged offense took place. Laws of 1987, ch. 324, §§ 3, 4.[1] The applicable statute at the time of Weiding's arrest was RCW 9A.36.020(1)(c) which provides in part:

> (1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:
>
> . . . .
>
> (c) Shall *knowingly assault* another with a weapon or other instrument or thing likely to produce bodily harm;

(Italics ours.)

After the jury found Weiding guilty, he moved for an arrest of judgment based on the error in the information. The court found that the error was not prejudicial and denied the motion.

## II

Weiding first contends, as he did below, that the information was constitutionally defective because it charged him under a statute, RCW 9A.36.021(1)(c), that was not in effect at the time of the alleged offense.

An error in the citation of a statute does not invalidate an information unless the error prejudices or affects the defendant's substantial rights. CrR 2.1(b); *State v. Leach,* 113 Wn.2d 679, 696, 782 P.2d 552 (1989); *State v. Jeske,* 87 Wn.2d 760, 765–66, 558 P.2d 162 (1976); *State v. Hopper,* 58 Wn. App. 210, 213 n.4, 792 P.2d 171 (1990).

Here, Weiding himself admits having full notice of the crime charged, as evidenced by his statement that "[a]ll parties in this case proceeded as though the case was being tried under the provisions of RCW 9A.36.020[(1)](c)." (The applicable statute.) Moreover, the jury instruction given at trial clearly set out the elements of second degree assault

---

[1] Under RCW 9A.36.021(1)(c); a person is guilty of second degree assault if he or she "[a]ssaults another with a deadly weapon".

under the correct provision.[2] Thus, Weiding was not prejudiced by the fact that the information made reference to a statute that was not in effect at the time of the offense. Although the statutory reference was technically in error, it was understood correctly by the parties.[3] We conclude that the information was, thus, not fatally defective.

## III

Weiding also contends, for the first time on appeal, that the information was constitutionally defective because it failed to allege the element of "knowingly", a statutory element of RCW 9A.36.020(1)(c). Weiding relies principally on a recent decision of this court, *State v. Hopper*, 58 Wn. App. 210, 213, 792 P.2d 171 (1990). *Hopper* involved the identical assault statutes at issue in the present case. There, a divided court held that an information alleging second degree assault was constitutionally defective because it failed to allege the statutory element of "knowingly" or to allege facts clearly establishing the mental state of "knowingly". *Hopper*, 58 Wn. App. at 212–13 (citing *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985)).

The *Hopper* court held that there were insufficient facts to supplement any missing element. In contrast, in

---

[2]Instruction 6 states as follows:

"To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 4th day of June, 1988, the defendant *knowingly*:

"a) assaulted Andre Guiberson with a *weapon* or other instrument or thing likely to produce bodily harm. . . ." (Italics ours.)

[3]Weiding appears to also challenge jury instruction 6 because, unlike the charging language of the information, it failed to allege that the assault was committed with a *deadly* weapon. Thus, he argues, the jury was allowed to convict him on an uncharged alternative means. This argument is without merit. The allegation that the weapon was "deadly" is unnecessary to establish a violation of former RCW 9A.36.020(1)(c). The inclusion of unnecessary language in an information does not make the surplus allegation an element of the crime unless repeated in the instructions. *State v. McGary*, 37 Wn. App. 856, 859–60, 683 P.2d 1125 (surplus language included in the information did not become an element of the crime where it was omitted from the jury instruction), *review denied*, 102 Wn.2d 1024 (1985).

*State v. Sly,* 58 Wn. App. 740, 747, 794 P.2d 1316 (1990), a different panel of this court held that a failure to allege the nonstatutory element of intent in a robbery charge did not render an information constitutionally defective where the State had also alleged facts which supported the missing element. *Sly,* 58 Wn. App. at 746. The *Sly* court explained that under *Leach:*

> "[I]t is not necessary to use the exact words of the statute if other words are used which equivalently or more extensively signify the words in the statute." The *Leach* court expressly rejected the suggestion in *Holt,* that the "essential elements" rule requires a charging document to list every statutory element of the crime charged. It is not necessary to "*list* every element of a crime. Rather, the charging document must allege sufficient *facts* to support every element of the crime charged."

(Citations omitted.) *Sly,* 58 Wn. App. at 746–47 (quoting *Leach,* 113 Wn.2d at 688–89).

The *Sly* and *Hopper* approaches are not significantly different. Both opinions recognize that the essential elements rule can be satisfied by the presence of facts which supplement missing elements. The results are different because in *Hopper* the court found no such facts present; the *Sly* court did. Thus, we must determine here, whether the information contains words signifying the statutory elements or alleges sufficient facts to support any missing elements. *Sly,* 58 Wn. App. at 747.

The State argues that the statutory element of "knowingly", erroneously omitted in Weiding's information, is subsumed within the meaning of the word "assault." We recognize that the *Hopper* court expressly rejected the State's argument that all forms of assault required a mental element and that the defendant, using common sense, would realize that "knowingly" was an element of the crime of assault. *Hopper,* 58 Wn. App. at 213. However, we must reluctantly disagree. Under Washington law an assault is, by definition, an intentional act. *See State v. Krup,* 36 Wn. App. 454, 458, 676 P.2d 507 ("the State is not relieved from proving [the defendant] acted with an intent . . . to create in his victim's mind a reasonable apprehension of harm;

negligence alone is insufficient."), *review denied,* 101 Wn.2d 1008 (1984); WPIC 35.50. Similarly, the lay definition of "assault" is an act done "willfully." *Webster's Third New International Dictionary* 130 (1969).

In addition, we find the amendment cf the second degree assault statute, RCW 9A.36.021(1)(c), to be significant. The Legislature has deleted the term "knowingly" from the statute. Certainly, the Legislature gave no indication that by doing so it intended to make second degree assault a strict liability crime, encompassing even unintentional acts. Rather, it is more likely that the Legislature determined that because knowledge is a part of the definition of assault, the inclusion of "knowingly" in the assault statute was mere surplusage and therefore unnecessary.

Thus, we hold that by asserting the language in the information that Weiding "did assault" another, the State has met the essential elements rule and stated an offense.

We affirm.

SCHOLFIELD, J., concurs.

FORREST, J. (dissenting)—For the reasons given in *State v. Hopper,* 58 Wn. App. 210, 792 P.2d 171 (1990), I dissent.

Review by Supreme Court pending July 1, 1991.