[No. 25847-8-I. Division One. April 1, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. TONY L. MATHEWS, *Appellant*.

*Deborah Whipple* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

PEKELIS, J.—Tony L. Mathews appeals his conviction for custodial assault in violation of RCW 9A.36.100. He contends that the State charged him with a constitutionally defective information which omitted an essential element of the offense, and thus failed to confer subject matter jurisdiction on the court.

On September 5, 1989, Lieutenant Mark Bollinger was escorting a group of Monroe Special Offender Center inmates, including Tony L. Mathews, from the medication line to the living units. As they passed through the doors leading to the living units, Mathews lunged at Bollinger. Mathews bit Bollinger's upper lip and stuck his finger in Bollinger's left eye. Members of the staff pulled Mathews off of Bollinger.

On November 1, 1989, the State filed an information charging Mathews with custodial assault in violation of RCW 9A.36.100. The information stated:

> CUSTODIAL ASSAULT, committed as follows: That the defendant, on or about the 11th day of September, 1989, did assault Mark Bollinger, a staff member or volunteer, educational personnel, personal service provider, or vendor or agent thereof at an adult corrections institution or local adult detention facility, who was performing official duties at the time of the assault; proscribed by RCW 9A.36.100, a felony.

RCW 9A.36.100 provides, in relevant part:

> (1) A person is guilty of custodial assault . . . where the person:
>
> . . . .
>
> (b) Assaults a full or part–time staff member or volunteer, any educational personnel, any personal service provider, or any vendor or agent thereof at any adult corrections institution or local adult detention facilities who was performing official duties at the time of the assault[.]

At trial, Mathews testified that he deliberately struck Bollinger to cause a disturbance and get back into court in

order to tell the trial judge that he was being held unjustly. The jury found Mathews guilty of custodial assault.

Mathews appeals.

Mathews now contends that the State charged him with a constitutionally defective information because it omitted the *nonstatutory* "intent" element of custodial assault, and thus failed to confer subject matter jurisdiction on the court.[1] Mathews alternatively asserts that under RCW 9A.04.060, common law "intent" has been adopted by statute and is therefore a necessary *statutory* element of assault.[2]

Generally, this court may refuse to review a claim of error which was not raised in the trial court. *See* RAP 2.5(a). However, a party may raise lack of trial court jurisdiction for the first time on appeal.[3] *See* RAP 2.5(a).

To support his argument that the State charged him with a constitutionally defective information because it omitted the nonstatutory element "intent," Mathews relies on this Division's per curiam decision in *State v. Robinson*, 58 Wn. App. 599, 794 P.2d 1293 (1990), *review denied*, 116 Wn.2d 1003 (1991).[4] In *Robinson*, the court reversed a fourth

---

[1]We note that "[a]rguably, the question whether a charging document vests a court with subject matter jurisdiction and the question whether a charging document states an offense are two distinct inquiries which have been blurred erroneously." *Auburn v. Brooke*, 60 Wn. App. 87, 91 n.8, 803 P.2d 1325 (1991).

[2]We reject Mathews' alternative argument. As we stated in *State v. Sly*, 58 Wn. App. 740, 744 n.1, 794 P.2d 1316 (1990), "RCW 9A.04.060 simply provides that the common law relating to the commission of crime shall supplement penal statutes. The statute was not intended to transform all common law elements into statutory elements."

[3]It is unclear whether a stricter standard of review applies when a party questions the sufficiency of a charging document for the first time on appeal. *Brooke*, 60 Wn. App. at 90 n.3.

[4]At oral argument Mathews asked this court to stay its decision in this case until the Supreme Court decides *State v. Hopper*, 58 Wn. App. 210, 792 P.2d 171, *review granted*, 115 Wn.2d 1027 (1990), and *State v. Kjorsvik*, cause 23357-2-I (filed July 20, 1990), *review granted*, 115 Wn.2d 1028 (1990). However, because *Hopper* involved the omission of a statutory element, and *Kjorsvik* involved an

degree assault conviction where the citation charged the defendant with violation of "'9A.36.041 Assault 4th (police officer)'." *Robinson,* 58 Wn. App. at 606. The court noted that intent is a nonstatutory element of a simple assault. *Robinson,* 58 Wn. App. at 606. The court then reasoned that because the citation did not contain an essential element of the crime, it failed to state a charge on which Robinson could be tried and convicted. *Robinson,* 58 Wn. App. at 606–07.

Yet the *Robinson* court cited no authority for the proposition that because the citation did not contain a nonstatutory element, it did not state a charge. In addition, a number of cases decided both before and after *Robinson* have concluded that charging documents which omit a nonstatutory element are constitutionally sufficient.

In *State v. Strong,* 56 Wn. App. 715, 719–20, 785 P.2d 464, *review denied,* 114 Wn.2d 1022 (1990), Division Two of this court held that an information which stated each of the statutory elements of robbery and included facts which supported the nonstatutory element of intent was sufficient; despite the fact that the information did not state the element of intent. The court reasoned that because the information followed the language of the statute and clearly notified the defendant that he was accused of taking personal property by force or threat, it apprised him of the nature of the accusation and enabled him to prepare his defense. *Strong,* 56 Wn. App. at 718–19. Similarly, in *State v. Sly,* 58 Wn. App. 740, 747, 794 P.2d 1316 (1990), we concluded that as in *Strong,* an information which stated each of the statutory elements of robbery did not need to include the nonstatutory element of intent. The inclusion of facts, which supported the nonstatutory element of intent, was sufficient to apprise the defendant of the crime charged. *Sly,* 58 Wn. App. at 747.

---

information charging robbery, the Supreme Court's decisions in those cases will not necessarily resolve the issue here, *i.e.,* the omission of a nonstatutory element in an information charging custodial assault.

 Thus, under the reasoning of *Strong* and *Sly,* an information which charges an offense in the language of the statute and includes facts which support a nonstatutory element is constitutionally sufficient.

In *State v. Sims,* 59 Wn. App. 127, 796 P.2d 434 (1990), we expressly rejected the proposition that an information must contain the nonstatutory elements of the charged offense, even without facts which supported the nonstatutory element. In *Sims* we held that an information which charged a defendant with intent to manufacture or deliver but did not include the nonstatutory element of "guilty knowledge" was sufficient. 59 Wn. App. at 132. Emphasizing that an information need not allege every fact which the State must prove at trial, we found that the information followed the language of the statute and clearly defined a crime. *Sims,* 59 Wn. App. at 132–33.

In *State v. Leach,* 113 Wn.2d 679, 686, 782 P.2d 552 (1989), the Supreme Court noted that "it is sufficient to charge in the language of the statute if the statute defines the crime sufficiently to apprise an accused person with reasonable certainty of the nature of the accusation" against him or her. The *Leach* court also reasoned that "it is not necessary to use the exact words of the statute if other words are used which equivalently or more extensively signify the words in the statute." *Leach,* 113 Wn.2d at 686.

Likewise, in *State v. Nieblas–Duarte,* 55 Wn. App. 376, 777 P.2d 583, *review denied,* 113 Wn.2d 1030 (1989), we noted that "[i]t is well settled that use of statutory language in charging a crime is sufficient only 'where such crime is there defined'." *Nieblas–Duarte,* at 378–79 (quoting *State v. Randall,* 107 Wash. 695, 696, 182 P. 575 (1919)). We also noted, however, that an information need not state the statutory or nonstatutory elements of an offense in the precise language of the statute, but may instead use words conveying the same meaning and import as the statutory language. *Nieblas–Duarte,* 55 Wn. App. at 380. We concluded that an information stating "unlawfully

and feloniously" was equivalent to alleging "knowingly," and that "feloniously" has been acknowledged to mean "with intent to commit a crime." *Nieblas–Duarte,* 55 Wn. App. at 381. Therefore, we held that the information charging the defendant conveyed the knowledge element and met constitutional criteria. *Nieblas–Duarte,* 55 Wn. App. at 381.

Thus, under the reasoning of *Nieblas–Duarte* and *Leach,* where the statutory language defines the crime, an information which charges in the language of the statute is sufficient. Even if an information fails to charge in the language of the statute, if it uses words which convey the statutory elements, it is sufficient.

Here, the information charged Mathews with "CUSTODIAL ASSAULT, committed as follows: That the defendant, on or about the 11th day of September, 1989, did assault Mark Bollinger, a staff member or volunteer . . . at an adult corrections institution". A person is guilty of custodial assault where the person "[a]ssaults a full or part–time staff member . . . at any adult corrections institution". RCW 9A.36.100(1)(b). Thus, the information charged Mathews in the precise language of the statute. This is only sufficient, however, if the statutory language defined the crime.

█ As this court stated in *State v. Krup,* 36 Wn. App. 454, 676 P.2d 507, *review denied,* 101 Wn.2d 1008 (1984), "[b]ecause 'assault' is not statutorily defined, resort must be, and has been, made to the common law." *Krup,* at 457. Washington courts generally recognize three definitions of assault. *State v. Hupe,* 50 Wn. App. 277, 282, 748 P.2d 263, *review denied,* 110 Wn.2d 1019 (1988) (citing *Krup,* 36 Wn. App. at 457). An assault is (1) "an act, with unlawful force, done with intent to inflict bodily injury upon another", (2) "an intentional [touching] [or] [striking] . . . of the person or body of another," (3) "an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury". 11 Wash. Prac., *WPIC* 35.50 (1977).

In sum, "[u]nder Washington law an assault is, by definition, an intentional act." *State v. Weiding,* 60 Wn. App. 184, 188, 803 P.2d 17 (1991). Thus, the statutory element "assault" conveyed the nonstatutory "intent" requirement. We conclude that because the information included all of the essential elements of custodial assault, it stated an offense and conferred jurisdiction on the trial court.

Affirmed.

BAKER and AGID, JJ., concur.