This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DOLORES TORRES, AS PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF MARY L. SANCHEZ,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,827**

**STATE FARM MUTUAL AUTO INS., and**
**LOU SANTORO, D/B/A LOU SANTORO**
**AGENCY, LLC.,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**James A. Hall, District Judge**

Kevin A. Zangara
Taos, NM

for Appellee

Guebert Bruckner P.C.
Don Bruckner
Christopher J. DeLara
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

State Farm appeals the district court's grant of summary judgment in favor of Plaintiffs. We issued a calendar notice proposing summary affirmance based on our recent decision in *Romero v. Progressive Northwestern Ins. Co. (Romero I)*, 2009-NMCA-___, ¶ 24, __ N.M. __, __ P.3d __, (No. 28720, Oct. 26, 2009). State Farm has responded with a timely memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm the district court.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

The facts of this case are not in dispute. Willie Sanchez executed several forms in which he purchased UM/UIM coverage for two vehicles in amounts less than the liability limits of his policies. The district court determined that Mr. Sanchez' selection of UM/UIM coverage in lesser amounts constituted a rejection of UM/UIM coverage. State Farm first argues that the district court erred when it determined that an insured's selection of uninsured (UM) and/or underinsured motorist (UIM)

coverage in amounts lower than the liability limits of the insured's policy constitutes a rejection of UM/UIM coverage. [MIO 9]

We affirm the district court based on our recent decision in *Romero I*, 2009-NMCA-___, ¶ 24.  In *Romero I*, we held that, when an insured purchases UM/UIM coverage in an amount less than the limits of his or her liability coverage, the insured has rejected UM/UIM coverage in an amount equal to the difference between the amount of UM/UIM coverage purchased and the amount of liability coverage purchased.  Such a rejection of coverage must comport with the requirements of NMSA 1978, Section 66-5-301(C) (1983) and the applicable insurance regulations. *Romero I*, 2009-NMCA-___, ¶ 28.

In our calendar notice, we stated that there appeared to be no question that rejection of UM/UIM coverage in this case does not comport with the applicable insurance regulations.  *See Romero v. Dairyland Ins. Co.*, 111 N.M. 154, 159, 803 P.2d 243, 248 (1990); 13.12.3.9 NMAC (11/30/01) (stating that a rejection of UM/UIM coverage must be "endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance.").  In its memorandum in opposition, State Farm argues that the requirements of Section 66-5-301(C) and the insurance regulations were met in this case because: (1) the rejection of coverage was made in writing, (2) the insurance policies were provided with declarations pages that

set out the amount of coverage purchased, and (3) Mr. Sanchez was informed of the coverage purchased numerous times in the policy renewal forms. [MIO 18-19] State Farm argues that this case is distinguishable from the situation presented in *Romero I*, 2009-NMCA-___, because in *Romero I*, there was no indication that the insureds were notified that they had the option of purchasing UM/UIM coverage in an amount equal to their liability coverage. [MIO 14-18] In this case, Mr. Sanchez executed two documents entitled "State Farm New Mexico Uninsured Motor Vehicle Acknowledgment of Coverage Selection or Rejection Form," in which he selected an option that indicated that he was afforded the opportunity to purchase UM/UIM coverage in the amounts of the liability limits of his policy, but instead selected UM/UIM coverage in lesser amounts. State Farm argues that Mr. Sanchez thus had clear notice of the extent of UM/UIM coverage available and the actual UM/UIM coverage purchased. [MIO 20-21]

We disagree. 13.12.3.9 NMAC requires that a rejection of UM/UIM coverage be "endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance." *See also Romero*, 111 N.M. at 159, 803 P.2d at 248. None of the documents State Farm relies upon was "endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance." This is an essential requirement of a valid rejection of UM/UIM coverage.

5

An insured's knowledge of the extent of coverage available and the coverage purchased alone is not sufficient. *See Arias v. Phoenix Indemnity Ins. Co.,* 2009-NMCA-100, ¶¶ 10-12, 147 N.M. 14, 216 P.3d 264 (rejecting the insurer's argument that the insurer's knowledge that she rejected coverage during the application process was sufficient where the application rejecting coverage was not physically made part of the policy delivered to her); *Kaiser v. DeCarrera*, 1996-NMSC-050, ¶¶ 8, 10, 14, 122 N.M. 221, 923 P.2d 588 (holding that even though the insured had knowingly and intentionally signed a form rejecting UM/UIM coverage, such rejection was ineffective because the rejection was not included in the policy delivered to the insured); *see also Marckstadt v. Lockheed Martin Corp.*, 2008-NMCA-138, ¶ 13, 145 N.M. 90, 194 P.3d 121 (stating "*Romero I* clearly stands for the proposition that some affirmative evidence of rejection of UM/UIM coverage must be attached to an automobile liability policy in order for the rejection to be valid").

For these reasons, we affirm the district court.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**