206 N.J. Super. 257 (1986)
502 A.2d 87
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JON EUGENE MOLL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1985.
Decided January 2, 1986.
*258 Before Judges KING, O'BRIEN and SIMPSON.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Patricia Kern, Assistant Deputy Public Defender, of counsel and on the brief).
William B. Palleria, Hunterdon County Prosecutor, attorney for respondent (Scott A. Smith, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SIMPSON, J.A.D.
Defendant appeals from his conviction, after a jury trial, of the third degree crime of aggravated assault (N.J.S.A. 2C:12-1b.(5)(a)); specifically, a simple assault (N.J.S.A. 2C:12-1a.(1)) upon a law enforcement officer acting in the performance of his duties while in uniform, and his sentence of 18 months probation with a condition that he serve 270 days in jail. The operative propositions of fact are not in dispute, the contentions being that there was error in the jury charge and the sentence was excessive.
Defendant had a considerable amount to drink on December 2, 1983 and had also taken codeine and penicillin earlier in the day. He was arguing with his friend, Elaine Gammon, outside *259 her sister's home  and the sister, Sue Patrick, asked Police Officer, Lee Stelle, to intercede. An altercation ensued and Stelle suffered a cut on his nose, a bruise on his hip and pain in his elbow. An issue of fact projected to the jury was whether or not defendant knew he was assaulting a police officer. He said he did not  until Gammon so advised him, and Gammon supported his position generally and noted a heavy snowstorm was taking place at the time. Stelle quoted defendant as saying "No f____g cop is going to tell me what to do."
The trial judge refused to charge the jury that an element of the crime was defendant's knowledge he was assaulting a police officer. He paraphrased the relevant portions of N.J.S.A. 2C:12-1a.(1) and 2C:12-1b.(5)(a) which state:
2C:12-1. Assault
a. Simple assault. A person is guilty of assault if he:
(1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
* * * * * * * *
b. Aggravated assault. A person is guilty of aggravated assault if he:
* * * * * * * *
(5) Commits a simple assault as defined in subsection a.(1) and (2) of this section upon
(a) Any law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his authority; or ...
However, as to the term "purposely" the trial judge used the word "purposefully" [which was used in the indictment] and said:
Remember, the State must prove that the defendant purposefully caused bodily injury.
A person acts purposefully with respect to the nature of his conduct or with respect to a result of his conduct if it is his conscious object to engage in conduct of that nature or to cause such a result. A conscious object to engage in conduct or to cause a particular result. That's what acting purposefully means.
Purpose is a state of mind, correct? Of course it is. Being a state of mind, it is rarely susceptible of what we call direct proof. We cannot crack open Mr. Moll's head and pull out a printout of his brain with regard to what he was thinking on December 2, 1983.

*260 Therefore, usually states of mind such as purpose must be inferred from what we call circumstantial evidence. It is not necessary, therefore, that witnesses be produced to testify that a defendant said he had a certain purpose. A person's purpose may be inferred from all a person said and did and from all of the surrounding circumstances.
The minimum requirements of culpability and definition of "purposely" are contained in N.J.S.A. 2C:2-2a. and b.(1):
2C:2-2. General requirements of culpability
a. Minimum requirements of culpability. Except as provided in subsection c.(3) of this section, a person is not guilty of an offense unless he acted purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.

b. Kinds of culpability defined.
(1) Purposely. A person acts purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if he is aware of the existence of such circumstances or he believes or hopes that they exist. "With purpose," "designed," "with design" or equivalent terms have the same meaning. [Emphasis added]
Counsel have cited the prior congruent statutes, N.J.S.A. 2A:90-4 and 2A:170-26, the legislative history of the old and new statutes, and many cases in New Jersey and elsewhere  but none are dispositive of the question herein presented. Federal cases to the effect that 18 U.S.C.A. § 111 does not require proof of scienter are also of no help since different statutory wording is involved. In our view, reading N.J.S.A. 2C:12-1 and 2C:2-2 in pari materia leaves no doubt that an element of the crime is an awareness of the attendant circumstance that Stelle was a law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his authority. The trial judge, erroneously believing the contrary, omitted from his charge the second sentence of N.J.S.A. 2C:2-2b.(1) which is also included in Model Criminal Charge 2.109 on the subject:
A person acts purposely with respect to attendant circumstances if he is aware of the existence of such circumstances or he believes or hopes that they exist.
Since this was error clearly capable of producing an unjust result in that defendant may only have been convicted of simple *261 assault if the proper charge was given, we do not reach the question of excessiveness of the sentence.
Reversed and remanded for a new trial. We do not retain jurisdiction.