■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILDE PINEIRO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J.), rendered December 13, 1982, convicting him of reckless endangerment in the first degree and attempted assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

At the trial, the only witnesses to testify were the two arresting officers, Ballard and Wernicke. They testified that, on the night in question, they were participating in a burglary prevention operation and were driving a dark green unmarked car, and were dressed in dark pants and black leather jackets. The only sign that either was a police officer was that Wernicke was wearing his badge on his jacket. At about 2:30 A.M., on October 13, 1981 the officers were patrolling on Sackett Street in Brooklyn, an area containing warehouses

and abandoned buildings, when they saw a woman walk out from the driveway of an abandoned garage. The officers pulled into this driveway and Wernicke got out. Ballard, who was driving, then backed out and followed the woman as she walked up Sackett Street. Ballard drove the unmarked car the wrong way on the one-way street without his headlights on. From about 600 feet away, Ballard saw the woman get into a car. That car, which may not have had its lights on, started down Sackett Street toward Ballard's car. As the now-speeding car bore down on Ballard he swerved sharply to the right to avoid a collision, and in the process he struck a piece of wood or a fire hydrant, damaging the police vehicle.

Meanwhile, Wernicke had gone into the abandoned garage to investigate four cars, two of which were stripped and had been seen by the officers the night before, and two additional cars whose hoods were allegedly still warm. Wernicke returned to the street and saw Ballard swerve to avoid hitting the car coming down Sackett Street. He then positioned himself in the street and motioned for the car to pull over by shining his flashlight at it. The car continued toward Wernicke and he dove to the sidewalk to avoid being hit. The car then hit a large timber which was lying partly in the street and stopped. The occupants of the car were then arrested, apparently for auto theft.

Defendant was driving the car and the other occupants were his brother and two women. One of these women was the woman the officers had previously seen walking from the abandoned garage. This woman told the officers that she had been in the driveway relieving herself when she was surprised by the officers.

While the defendant was apparently initially arrested for auto theft, and the record contains numerous references to the fact that all four occupants were originally arrested for theft of two of the automobiles in the abandoned garage, there was no evidence that the cars were stolen, and the only connection between the garage where the cars were located and defendant was that a woman relieved herself at that garage and then returned to defendant's car. Defendant was subsequently charged with attempting to assault Police Officer Wernicke with intent to prevent him from performing his lawful duties, pursuant to Penal Law § 120.05 (3), and with reckless endangerment in the first degree. When charging the jury on the attempted assault count, the Trial Judge failed to instruct them on any of the elements of the underlying crime of assault with intent to prevent a police officer from performing

his duty. Specifically, there was no instruction that in order for defendant to be found guilty of attempted assault in the second degree, defendant must have known that Wernicke was a police officer (see, 2 CJI [NY] PL 110.00 pp 46-50; PL 120.05 [3] pp 110A-110D). Defendant objected to these instructions at trial. Since it was error to omit such instructions, a new trial is warranted on this count.

Inasmuch as knowledge that Ballard and Wernicke were police officers is a vital factor with respect to the attempted assault charge, and since the absence of such charge with respect to the attempted assault may have affected the total outcome of the case, in the interest of justice we also reverse and order a new trial on the reckless endangerment count. The officers were riding in an unmarked car, they did not announce that they were police officers, and the only indication that they were police was the badge worn by Wernicke, who was shining his flashlight at defendant's car, making its visibility questionable. The incident took place in a deserted area of Brooklyn where most of the buildings were abandoned, and the incident began with an unmarked vehicle following a woman by going the wrong way up a one-way street without its headlights on.

Considering all of these factors, in the interest of justice, a new trial is also warranted on the reckless endangerment count. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.