[No. 11845-2-III.    Division Three.    December 1, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS B. ALLEN, *Appellant.*

*William D. Edelblute,* for appellant.

*James L. Nagle, Prosecuting Attorney,* and *Gabriel E. Acosta, Deputy,* for respondent.

MUNSON, J. — Thomas Allen appeals his third degree assault conviction contending the jury instructions misstated the law and challenging the sufficiency of the information. Additional issues are raised in the pro se brief.

Reserve Officer Larry Rogers was walking out the back door of the police department in the city of Walla Walla in the early morning hours of November 22, 1990, when he saw a large number of people fighting in front of Dacres Saloon. After alerting other officers, he drove to the saloon. He was still on duty and wearing his uniform.

By the time Officer Rogers arrived, the fight had moved inside to the entry of the restaurant bar. He entered the building and saw a large pile of people fighting. He identified himself as a police officer and told them to break it up. As he began dragging people off the pile, he felt someone grab him from behind. The person, later identified as Mr. Allen, reached around his neck and hit him in the nose. While Officer Rogers was trying to break free, Mr. Allen doubled up his fist as if to strike the officer. Sergeant Randy Allessio arrived moments after Officer Rogers, saw Mr. Allen holding Officer Rogers' shirt, and told him to let go. When Mr. Allen failed to do so, and instead began doubling his fist, Officer Allessio sprayed him in the face with mace called Cap-stun.

Mr. Allen was subsequently subdued, arrested, and charged with assaulting a police officer, former RCW 9A.36-

.031(1)(f).[1] At trial, a number of police officers and Dacres patrons gave conflicting descriptions of the events surrounding the assault, but no one appears to have observed the assault itself. Mr. Allen testified he was just inside the door when someone grabbed him by the shoulder, pulled him around and shot mace across his face. Believing his assailant was one of the participants in the fight, Mr. Allen hit him. He claims he never heard anyone announce they were police and he had not seen any police officers before he was maced.

■ Mr. Allen contends one of the elements of assaulting a police officer is knowledge the victim is a law enforcement officer. Under the common law, an assault is an intentional act. *State v. Mathews*, 60 Wn. App. 761, 766-67, 807 P.2d 890, *review denied*, 118 Wn.2d 1030 (1991); *State v. Sample*, 52 Wn. App. 52, 757 P.2d 539 (1988); *State v. Jones*, 34 Wn. App. 848, 664 P.2d 12 (1983). An allegation of assault contemplates knowing, purposeful conduct. *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992).

If the definition of a crime includes a particular result as well as an act, the mental element relates to the result as well as to the act:

> The distinctions now drawn between various kinds of crimes in terms of their seriousness, as reflected by the punishments provided for them, would lose much of their significance if an intent to cause any one specific type of harm would suffice for conviction as to any other type of harm which is criminal when intentionally caused.

W. LaFave & A. Scott, *Criminal Law* § 34, at 243 (1972). Thus, a person acts with intent when he acts with the objective or purpose to accomplish the result which consti-

---

[1]Mr. Allen was charged under former RCW 9A.36.031(1)(f), now RCW 9A.36.031(1)(g):

"(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:

". . . .

"(g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault."

tutes the crime. RCW 9A.08.010(1)(a). A person acts with knowledge when he is aware of the circumstances or result described by the statute defining the offense. RCW 9A.08-.010(1)(b).

The circumstance or result described by RCW 9A.36-.031(1)(g) is the assault of a law enforcement officer performing his duties at the time of the assault. In addition to an intent to commit an act which constitutes an assault, the statutory definition of the crime of which Mr. Allen was convicted requires knowledge or intent that the person assaulted was a law enforcement officer engaged in performing his official duties.

Mr. Allen contends the jury instructions misstated the law, denying him a fair trial. The challenged instruction provides:

> To convict the defendant of the crime of assault in the third degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the 22nd day of November, 1990, the defendant assaulted Larry E. Rogers;
>
> (2) That the assault was committed while Larry E. Rogers, a law enforcement officer, was performing his official duties; and
>
> (3) That the acts occurred in Walla Walla County, Washington.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
>
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

This instruction was not challenged in the trial court.

■ ■ Instructional errors of constitutional magnitude may be challenged for the first time on appeal. *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988). Under the due process clause of the fourteenth amendment to the United States Constitution, which requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged, the jury must be instructed as to each element of the offense. *State v. Ng*, 110 Wn.2d 32,

44, 750 P.2d 632 (1988); *Scott*, at 688 n.5; *State v. McCullum*, 98 Wn.2d 484, 489, 656 P.2d 1064 (1983).

Because Mr. Allen was charged with third degree assault under RCW 9A.36.031(1)(g), due process required the jury to be instructed that one of the elements to be proven beyond reasonable doubt was the defendant's knowledge the victim of the assault was a law enforcement officer engaged in performing his official duties. Under the instructions given here, the jury could have found Mr. Allen guilty without finding he knew Officer Rogers was a law enforcement officer. Based on the evidence, without a required finding that Mr. Allen knew Officer Rogers was a law enforcement officer, he would only be guilty of assault in the fourth degree, a gross misdemeanor. Inasmuch as the court's "to convict" or formula instruction did not require the jury to find the victim was a law enforcement officer engaged in performing his official duties, the instruction was in error.

An error affecting constitutional rights is presumed prejudicial, and the State bears the burden of proving it harmless beyond reasonable doubt. *State v. Fowler*, 114 Wn.2d 59, 63, 785 P.2d 808 (1990). A harmless error is one which in no way has affected the outcome of the case. *Fowler*, at 63. Here, although there was evidence from which the jury could have found Mr. Allen knew Officer Rogers was a law enforcement officer, the evidence was conflicting. The jury could have believed Mr. Allen's testimony he was grabbed from behind and maced before he struck Officer Rogers, and thus never saw the officer's uniform. Because the instructions did not require the jury to find Mr. Allen knew the person assaulted was a police officer, it could therefore have believed his version of events and nevertheless have rejected his claim of self-defense and found him guilty.[2] The error was not harmless.

---

[2] The jury was instructed:

"The use of force upon or toward the person of another is lawful when used by a person who reasonably believes that he is about to be injured in preventing or attempting to prevent an offense against the person and when the force is not more than is necessary." Mr. Allen did not testify that he believed he was about to be injured.

Mr. Allen contends the information is constitutionally defective because it fails to allege he knew Officer Rogers was a law enforcement officer. This issue was not raised below.

■■ Const. art. 1, § 22 (amend. 10) requires inclusion in the charging document of the essential elements, statutory and nonstatutory, of the crime charged. When the sufficiency of an information is first challenged on appeal, the charging document is to be liberally construed and sustained if the necessary elements appear in any form or by fair construction can be found, unless the defendant can show actual prejudice caused by ambiguous or vague language. *State v. Kjorsvik*, 117 Wn.2d 93, 106, 812 P.2d 86 (1991). An information which alleges assault can be fairly construed as alleging the mental element of intent or knowledge. *Hopper*, at 158-59.

Here, the information alleged:

That the said **Thomas B. Allen** in the County of Walla Walla, State of Washington, on or about the 22th [*sic*] day of November, 1990, did assault officer Rogers, a law enforcement officer of Walla Walla while officer Rogers was performing his official duties;

Under the *Kjorsvik* standard of liberal construction, it sufficiently alleges the elements of the third degree assault with which Mr. Allen was charged.

■ Mr. Allen contends the State improperly delayed 95 days before arraigning him on the third degree assault charge. Prosecutorial delay in bringing charges may violate due process if the defendant shows the delay caused prejudice. *State v. Gee*, 52 Wn. App. 357, 760 P.2d 361 (1988), *review denied*, 111 Wn.2d 1031 (1989). Mr. Allen has not indicated how he was prejudiced by the delay.

Mr. Allen contends he was denied effective assistance of counsel. To establish ineffective assistance of counsel, the defense must show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *State v. Bradbury*, 38 Wn. App. 367, 685 P.2d 623, *review denied*, 103 Wn.2d 1006 (1984). "[T]he

830

defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison,* 477 U.S. 365, 381, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986).

The deficiencies alleged by Mr. Allen involve matters of trial tactics or strategy and relate to collateral matters which could not have prejudiced the defense.

Reversed and remanded for retrial with proper jury instructions.

THOMPSON, A.C.J., and SWEENEY, J., concur.