[No. 32266-4-I.   Division One.   May 22, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. BARRY MICHAEL TUNNEY, *Appellant*.

*Kenneth Russell Scearce* of *Associated Counsel for the Accused,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer K. Ryan Gilman, Deputy,* for respondent.

KENNEDY, A.C.J. — For the first time in this appeal, Barry Tunney challenges the sufficiency of the information charging him with third degree assault. He contends that the information failed to inform him that a necessary element of the crime of third degree assault was his knowledge that his victim was a police officer who was performing official duties at the time of the assault. We affirm.

## FACTS

Barry Tunney was charged with third degree assault by an amended information stating:

> That the defendant BARRY MICHAEL TUNNEY in King County, Washington, on or about October 2, 1992, did assault Officer David Shelton of the Seattle Police Department, a law enforcement officer who was performing official duties at the time of the assault[.]

Tunney was convicted by jury trial. He now appeals this conviction.

DISCUSSION

Essential Elements of Third Degree Assault

RCW 9A.36.031(1)(g) criminalizes assault of a police officer. It provides:

> (1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:
>
> . . . .
>
> (g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault.

■ An additional common law element of this crime was added by the court in *State v. Allen*, 67 Wn. App. 824, 826-27, 840 P.2d 905 (1992) (RCW 9A.36.031(1)(g) requires knowledge or intent that the person assaulted was a law enforcement officer engaged in performing his or her official duties). The *Allen* court noted that the crime of assault requires knowing, purposeful conduct, and where "the definition of a crime includes a particular result as well as an act, the mental element relates to the result as well as the act". *Allen*, 67 Wn. App. at 826. Therefore, knowledge of the victim's official status is an essential element.

The State urges this court not to follow the holding of *Allen*, arguing that it is inconsistent with this court's interpretation of another subsection of the same statute, RCW 9A.36.031(1)(a),[1] in *State v. Belleman*, 70 Wn. App. 778, 856 P.2d 403 (1993).

*Belleman* is inapposite. In *Belleman*, the defendant argued that he should be entitled to a self-defense instruction where he offered testimony that he did not know that his assault victim was a police officer. The *Belleman* court rejected this argument, pointing out that even nonpolice officers who lawfully apprehend a criminal are protected by RCW 9A.36.031(1)(a). The *Belleman* court held that the State must prove that the arrest was in fact lawful, not that the defendant knew the arrest was lawful.

---

[1]RCW 9A.36.031(1)(a) provides in part:

"A person is guilty of assault in the third degree if . . . [w]ith intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself or another person, assaults another[.]"

In contrast, RCW 9A.36.031(1)(g) protects only law enforcement officers or other employees of law enforcement agencies who are performing official duties at the time of the assault. We agree with the *Allen* court's analysis and will apply the holding to the present case.

## Sufficiency of the Information

Because we hold that knowledge of the victim's status as a police officer performing official duties is a required element of third degree assault under RCW 9A.36.031(1)(g), we must next determine whether the information is constitutionally defective.

■■ Const. art. 1, § 22 (amend. 10) requires inclusion in the charging document of the essential elements, statutory and nonstatutory, of the crime charged. *Allen*, 67 Wn. App. at 829. When the sufficiency of an information is first challenged on appeal, the charging document is to be liberally construed and sustained if the necessary elements appear in any form, or by fair construction can be found, unless the defendant can show actual prejudice.[2] *State v. Kjorsvik*, 117 Wn.2d 93, 106, 812 P.2d 86 (1991).

■ A court should be guided by common sense and practicality in construing the language of the charging document. Even missing elements may be implied if the language supports such a result. *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992).

■ When read liberally, an information which alleges assault can be fairly construed as also alleging the mental element of intent or knowledge. *Hopper*, 118 Wn.2d at 158-59.

Tunney contends that even given the most liberal reading, the information does not specify that he knew Officer Shelton was a police officer engaged in his official duties. *See Hopper*, 118 Wn.2d at 157 ("if a document does not contain the elements of the crime, the most liberal possible reading cannot cure it").

The State argues that a person of common understanding who reads the information would know that the State was

---

[2]Tunney does not allege actual prejudice.

alleging that Tunney meant to assault a police officer who was engaged in official duties.

We agree with the State, and conclude that the implicit "knowing" mens rea in the act of assault, applied in the context of this charging document, includes knowledge that the victim of the assault was a police officer who was engaged in his official duties.[3]

To illustrate our reasoning, because the term "assault" carries within it the concept of knowing or intentional conduct, the charging document, when read liberally, conveys the following information:

> That the defendant BARRY MICHAEL TUNNEY . . . did [knowingly, intentionally] assault Officer David Shelton of the Seattle Police Department, a law enforcement officer who was performing official duties at the time of the [knowing, intentional] assault[.]

In this sentence, the clause "a law enforcement officer who was performing official duties at the time of the assault" is in apposition with "Officer David Shelton of the Seattle Police Department"; that is, the clause identifies who Officer Shelton was (a law enforcement officer) and explains what he was doing (performing official duties) at the time of the assault. Under the rules of punctuation, appositives which serve a nonrestrictive (parenthetic) function are set off by commas; appositives which serve a restrictive (necessary) function are not.[4] The second clause in this charging sentence contains both an introductory parenthetic phrase (the reader is already fully aware that David Shelton is a law enforcement officer because he has been identified as an

---

[3]In *State v. Wallway*, 72 Wn. App. 407, 413, 865 P.2d 531 (1994), the court noted that under *Kjorsvik*'s liberal standard of review, an ordinary accused reading a criminal information would contemplate the common situation, not the rare one. Here the common situation would be an assault committed against a uniformed or otherwise clearly identifiable officer. The unusual situation would be an officer who was working undercover, and whose official status was unknown to the defendant. The *Wallway* court noted that if a particular accused reading an information were to contemplate the rare situation, one would expect the accused to attack the sufficiency of the information before trial. *Wallway*, 72 Wn. App. at 413 n.3. No such attack was raised by Tunney.

[4]*See* William Strunk & E.B. White, *The Elements of Style* 1-4 (3d ed. 1979).

officer of the Seattle Police Department) and the necessary additional information that Officer Shelton was performing official duties at the time of the assault.

The sentence is thus properly punctuated to convey the information that Tunney was charged with assaulting Officer David Shelton of the Seattle Police Department who was performing official duties at the time of the assault — and that the performance of official duties is an element of the crime.

Under *Hopper*, it is implicit that assault is a knowing, intentional act. We believe that it would be the rare accused, with or without any actual recollection of the rules of punctuating restrictive and nonrestrictive appositives, who would not realize from this charging document that he or she must prepare to defend against a charge of knowingly and intentionally assaulting a named Seattle police officer who was performing official duties at the time of the assault. In this particular sentence structure, by fair construction if not literally, the implicit mens rea applies to the result as well as the act.

Affirmed.

GROSSE and AGID, JJ., concur.

Review granted at 128 Wn.2d 1007 (1995).