917 P.2d 95 (1996)
129 Wash.2d 336
The STATE of Washington, Respondent,
v.
Barry Michael TUNNEY, Petitioner.
No. 63116-6.
Supreme Court of Washington, En Banc.
Argued February 27, 1996.
Decided May 30, 1996.
Joseph J. Lynch, Byron H. Ward, Seattle, for petitioner.
Norm Maleng, King County Prosecutor, Jennifer Gilman, Deputy, Seattle, for respondent.
JOHNSON, Justice.
Barry M. Tunney was convicted of third degree assault of a police officer in King County. He challenges the sufficiency of the information for the first time on appeal, arguing it was defective because the Prosecutor omitted the necessary common law element that Mr. Tunney knew his victim was a police officer performing his official duties. The Court of Appeals affirmed the conviction, State v. Tunney, 77 Wash.App. 929, 895 P.2d 13 (1995), and we granted review. We hold the element that Mr. Tunney knew the victim was a police officer can be fairly implied from the information, and Mr. Tunney was not prejudiced by the failure of the Prosecutor to plainly state the knowledge element. We affirm.
While in uniform and on foot patrol in the Pike Place Market area of Seattle, Officers Shelton and Williams observed Mr. Tunney yell at a woman and shove her into a wall.
*96 They approached Mr. Tunney, who had a bottle of wine in hand, and Officer Shelton requested his identification. When Mr. Tunney reached for his identification, Officer Shelton observed what turned out to be an ice pick in the inside pocket of his jacket. Officer Shelton grabbed Mr. Tunney's arm to prevent him from reaching the ice pick. Mr. Tunney punched Officer Shelton in the arm in response, and a struggle ensued during which Mr. Tunney struck Officer Shelton in the face. Mr. Tunney managed to break away from the officers but was apprehended moments later.
The King County Prosecuting Attorney charged Mr. Tunney with assault in the third degree, RCW 9A.36.031(1)(g).[1] The charge stated:
That the defendant BARRY MICHAEL TUNNEY in King County, Washington on or about October 2, 1992, did assault Officer David Shelton of the Seattle Police Department, a law enforcement officer who was performing official duties at the time of the assault;
Contrary to RCW 9A.36.031(1)(g), and against the peace and dignity of the State of Washington.
Clerk's Papers at 15. In addition to the statutory elements of RCW 9A.36.031(1)(g), the Court of Appeals has held that knowledge the victim is a police officer performing his or her official duties is an essential element of the crime. State v. Allen, 67 Wash.App. 824, 827, 840 P.2d 905 (1992). The Prosecutor omitted knowledge of the victim's status from the charge.
Mr. Tunney was convicted and sentenced to 22 months' confinement. His only defense at trial was the stop was unlawful. He has raised the sufficiency of the information for the first time on appeal.
The issue of whether knowledge the victim is a police officer is an essential element of the crime is not before us. RAP 13.7(b).[2] Assuming knowledge the victim is a police officer is an essential element of the crime, the issue is whether the information is constitutionally defective because that element was omitted.
The Sixth Amendment[3] and Const, art. I, § 22 (amend. 10)[4] require inclusion in the charging document of the essential elements, statutory and otherwise, of the crime charged so as to apprise the defendant of the charges against him and to allow him to prepare his defense. State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991); State v. Hopper, 118 Wash.2d 151, 155, 822 P.2d 775 (1992). In Kjorsvik we abandoned the traditional analysis applied under Const. art. I, § 22 (amend. 10) and adopted an analysis consistent with the federal standard of review for sufficiency of information challenges raised for the first time on appeal. That analysis requires us to determine whether the information is sufficient by asking: (1) do the necessary elements appear in any form, or by fair construction can they be found, in the information; and, if so, (2) can the defendant *97 show he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice. Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86. The first prong requires at least some language in the information giving notice of the missing element. Kjorsvik, 117 Wash.2d at 106, 812 P.2d 86.
We have applied the "fair construction" rule in two recent cases. In Hopper, the information charged second degree assault but omitted the statutory element of "knowingly." Hopper, 118 Wash.2d at 154, 822 P.2d 775. The information read in part:
That the defendant ... on or about June 30, 1988 did assault Officer D. Shelton, a human being, with a deadly [sic] weapon, and other instrument or thing likely to produce bodily harm, to-wit: a flashlight;
. . .
Hopper, 118 Wash.2d at 154, 822 P.2d 775. We held "knowingly" could be fairly implied from the word "assault" because "assault" contains within it the concept of knowing conduct when construed liberally. Hopper, 118 Wash.2d at 159, 822 P.2d 775. Similarly, in Kjorsvik, we held the nonstatutory intent to steal element of first degree robbery could be fairly implied from the allegation that the defendant "unlawfully, with force, and against the baker's will, took the money while armed with a deadly weapon." Kjorsvik, 117 Wash.2d at 110, 812 P.2d 86. In contrast, the strict construction rule requires dismissal of the charge if any statutory or nonstatutory element of the crime is omitted from the charge. See State v. Holt, 104 Wash.2d 315, 320, 704 P.2d 1189 (1985); see also State v. Leach, 113 Wash.2d 679, 686-90, 782 P.2d 552 (1989).
In this case, the information omitted the element that Mr. Tunney knew the victim was a police officer. We agree with the Court of Appeals that the information was nonetheless sufficient under the liberal construction rule because knowledge of the victim's status can be fairly implied from the information. An information that alleges assault can be fairly construed as also alleging the mental element of intent or knowledge. Hopper, 118 Wash.2d at 158-59, 822 P.2d 775. When the crime is defined by an act and result, as in this case, the mental element relates to the result as well as the act. Here, the mental element (knowledge) relates to both the act (assault) and the result (assault of a police officer). Moreover, the charge specifically refers to the victim's status in three separate places and states the victim was "a law enforcement officer who was performing official duties at the time of the assault." Clerk's Papers at 15. It can be fairly implied from the references to the victim as a police officer and the use of the term assault that knowledge of the victim's status is an element of the crime. Under the liberal construction, Mr. Tunney was given sufficient notice of the charge. Accord Allen, 67 Wash.App. at 829, 840 P.2d 905.
Mr. Tunney argues the Court of Appeals decision conflicts with State v. Simon, 120 Wash.2d 196, 840 P.2d 172 (1992) (per curiam). In Simon, we reversed a conviction on the basis of a defective information where the information alleged the defendant,
did knowingly advance and profit by compelling Bobbie J. Bartol by threat and force to engage in prostitution; and did advance and profit from the prostitution of Bobbie Bartol, a person who was less than 18 years old; ...
Simon, 120 Wash.2d at 197-98, 840 P.2d 172. We held the information omitted the necessary element that the defendant knew the victim was under 18 and this element could not be fairly implied under Kjorsvik because "[n]o one of common understanding reading the information would know that knowledge of age [was] an element of the charge of promoting prostitution of a person under 18." Simon, 120 Wash.2d at 199, 840 P.2d 172. We implied, however, that had knowledge appeared in the second clause of the information; that is, had the second clause read "did knowingly advance," a person of common understanding would have understood knowledge of the age of the victim was an element of promoting prostitution of a person under 18. See Simon, 120 Wash.2d at 199, 840 P.2d 172. The information in this case is no different than the information in Simon had the second clause of the information read "did knowingly advance." For this reason, *98 Simon does not conflict with our resolution of this case.
Because knowledge the victim was a police officer can be fairly implied from the information, we now turn to the prejudice prong of the Kjorsvik standard. Mr. Tunney was not prejudiced because, among other things, he admitted knowing the victim was a police officer performing his official duties at the time of the assault[5] and his only defense at trial was that the stop was unlawful.
We affirm.
DURHAM, C.J., and DOLLIVER, SMITH, GUY and TALMADGE, JJ., concur.
MADSEN, Justice (dissenting).
The majority correctly notes that when the sufficiency of an information is first challenged on appeal, the court applies the twoprong test adopted by this court in Kjorsvik: (1) do the necessary elements appear in any form, or by fair construction can they be found, in the information, and if so (2) can the defendant show he or she was actually prejudiced by the inartful language. State v. Kjorsvik, 117 Wash.2d 93, 105-06, 812 P.2d 86 (1991). One year later, in State v. Hopper, 118 Wash.2d 151, 822 P.2d 775 (1992), this court clarified the Kjorsvik test:
The [two-pronged] standard of review merely states the proper method of interpretation; it does not alter the requirements for sufficiency. It is a rule of construction only. Therefore, if a document does not contain the elements of the crime, the most liberal possible reading cannot cure it.
Id. at 157, 822 P.2d 775.
The defendant in this case was charged under RCW 9A.36.031(1)(g). Pursuant to that provision, one who assaults a law enforcement officer performing his or her official duties at the time of the assault may be guilty of third degree assault. The majority does not dispute that knowledge of the victim's status is an essential element of the crime. Majority at 96. The majority also acknowledges that the information omitted the element that the defendant knew the victim was a police officer. Majority at 97. Unfortunately, however, the majority fails to heed the caveat from Hopper: that if a document does not contain the elements of the crime, the most liberal possible reading cannot cure its inadequacies. Instead, the majority goes on to find the missing element by holding that the term "assault" is sufficient to convey knowledge of the victim's status of a police officer conducting official business. I dissent.
Although this court has recently liberalized the standard of review for charging documents which are first challenged on appeal, no decision has questioned the constitutionally mandated rule that all essential elements of a charged crime must be included in the charging document.
State v. Vangerpen, 125 Wash.2d 782, 788, 888 P.2d 1177 (1995).
Applying the teachings of this court in Kjorsvik, Hopper, and Vangerpen, I would hold that the defect in this information cannot be cured. Initially, it is significant that the information here contains no mens rea language. However, the term assault is included and this court has held that assault "contains within it the concept of knowing conduct." Hopper, 118 Wash.2d at 158, 822 P.2d 775. See also State v. Dukowitz, 62 Wash.App. 418, 424, 814 P.2d 234 (1991) (by definition an assault is an intentional act), review denied, 118 Wash.2d 1031, 828 P.2d 563 (1992). In Hopper, the information charged second degree assault but omitted the statutory element of "knowingly." The information read in part:
That the defendant ... on or about June 30, 1988 did assault Officer D. Shelton, a human being, with a deadly [sic] weapon, and other instrument or thing likely to produce bodily harm, to-wit: a flashlight;
. . .
Hopper, 118 Wash.2d at 154, 822 P.2d 775. Applying the Kjorsvik standard of review, the court held "knowingly" could be fairly implied from the word assault because assault contains within it the concept of knowing conduct. Id. at 158, 822 P.2d 775. Ostensibly *99 relying on Hopper, the majority, as well as the Court of Appeals below, extends the meaning of the term assault and concludes that the term also informs the defendant that his knowledge of the victim's status is an additional element which the State must prove.
Using the liberal construction of Kjorsvik, knowledge of the act itself can be fairly implied from the term assault. However, there is nothing in the meaning of the term assault which can fairly imply that the defendant must have had knowledge of the victim's status. See State v. Kitchen, 61 Wash.App. 915, 812 P.2d 888 (knowledge of the identity of a controlled substance cannot be implied from the term delivery), review denied, 117 Wash.2d 1019, 818 P.2d 1099 (1991). Absent at least some language in the information indicating that knowledge of the victim's status as a police officer is an element of the crime of third degree assault under subsection (g), there is no way to distinguish between assault charged under subsection (a) and subsection (g). See State v. Mierz, 127 Wash.2d 460, 477-78, 901 P.2d 286 (1995) (RCW 9A.36.031(1)(a) plainly may involve assault of private citizens while subsection (g) protects only law enforcement officers). Nor can the crime charged be distinguished from fourth degree assault, a gross misdemeanor.
Kjorsvik is also instructive as a contrast to the majority in this case. In Kjorsvik, this court held the nonstatutory intent to steal element of first degree robbery could be fairly implied from the allegation that the defendants "unlawfully, with force, and against the baker's will, took the money while armed with a deadly weapon." Kjorsvik, 117 Wash.2d at 110, 812 P.2d 86. The court stated:
It is hard to perceive how the defendant[s]... could have unlawfully taken the money from the cash register, against the will of the shopkeeper, by use (or threatened use) of force, violence and fear while displaying a deadly weapon and yet not have intended to steal the money.
Id. at 110, 812 P.2d 86. As with the term "assault" in Hopper, each of the terms in Kjorsvik, "unlawful," "with force," and "against the victim's will," fairly imply intentional conduct.
In contrast, the majority in this case seeks to infer the mens rea implicit in the conduct of assault to the identity of the victim as a police officer, stating that the mens rea of assault applies to both the act and the result. Majority at 97. The mental element of assault is the intent to commit a battery or to create apprehension of harm. See State v. Frazier, 81 Wash.2d 628, 631, 503 P.2d 1073 (1972); State v. Krup, 36 Wash.App. 454, 458, 676 P.2d 507, review denied, 101 Wn.2d 1008 (1984). The mens rea of assault does not, however, include the intent to accomplish some further goal, such as assaulting a particular person. Assault on a police officer is a different offense from other assaults, as this court recently recognized. Mierz, 127 Wash.2d at 478, 901 P.2d 286 (RCW 9A.36.031(1)(a) and (g) are separate offenses). Therefore, when knowledge of the identity of the victim is an additional element of the crime, the mental element implicit in assault does not sufficiently inform the defendant of that additional knowledge requirement.
Finally, the majority seeks to reconcile its result with this court's decision in State v. Simon, 120 Wash.2d 196, 840 P.2d 172 (1992). The defendant there was charged with first degree promotion of prostitution, one element of which is knowledge that the person being promoted as a prostitute is under age 18. The information alleged that the defendant
did knowingly advance and profit by compelling Bobbie J. Bartol by threat and force to engage in prostitution; and did advance and profit from the prostitution of Bobbie Bartol, a person who was less than 18 years old.
Id. at 197-98, 840 P.2d 172. The information omitted the necessary element that the defendant knew the woman was under 18. This court found the omission fatal, even under the liberal Kjorsvik standard. It held that "[n]o one of common understanding reading the information would know that knowledge of age is an element of the charge of promoting prostitution of a person under 18." Id. at 199, 840 P.2d 172.
*100 The majority says that the Simon court "implied" that inclusion of the word "knowingly" in the second clause of the information would have been sufficient to apprise a person of common understanding that knowledge of the victim's age was an element of the crime. Majority at 97-98. Using dicta in Simon, the majority then draws a parallel between Simon and the present case: "The information in this case is no different than the information in Simon had the second clause of the information read `did knowingly advance.'" Majority at 98. The flaw in this logic is readily apparent. The information here does not include language regarding the element of knowledge. It must be inferred from the term assault. The mens rea implicit in the term assault, as discussed above, is the intent to commit a battery or create apprehension of harm, not to assault a law enforcement officer. The "knowing" aspect of assault which the majority relies upon is thus derived only from the intent to commit a battery or create the apprehension of harm. There is simply no authority to suggest that the term assault also somehow informs the defendant that his knowledge of some fact about the victim is an additional element of the offense.
The bottom line in this case is that persons of common understanding would no more realize that knowledge of the officer's status is an element of the crime than persons reading the information in Simon would have understood that knowledge of the victim's age was an element of that offense. I would reverse the Court of Appeals.
ALEXANDER and SANDERS, JJ., concur.
NOTES
[1] "(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first degree:

"....
"(g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault."
[2] Commentators have pointed out that this aspect of Allen (and not Tunney) is questionable because the mental element for assault is the intent to commit a battery or to create apprehension of harm, not the intent to accomplish some further goal. See 13A Seth A. Fine, Wash.Prac., Criminal Law § 404 (Supp.1996). Federal and state court decisions interpreting similar statutes vary depending on the wording of the statute. See, e.g., United States v. Feola, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) (holding awareness of officer's status is not an element of assault of a federal officer); Commonwealth v. Flemings, 539 Pa. 404, 652 A.2d 1282 (1995) (same result under state law); but see State v. Morey, 427 A.2d 479 (Me.1981) (knowledge is an element); State v. Moll, 206 N.J.Super. 257, 502 A.2d 87 (knowledge is an element), cert. denied, 103 N.J. 498, 511 A.2d 670 (1986); People v. Pineiro, 116 A.D.2d 599, 497 N.Y.S.2d 460 (N.Y.App.Div.1986) (same).
[3] U.S. Const. amend. 6 provides in part: "In all criminal prosecutions, the accused shall ... be informed of the nature and cause of the accusation;..."
[4] Const. art. I, § 22 (amend. 10) provides in part: "In criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation against him, ..."
[5] "Q. You did know they were police officers, didn't you?

"A. Of course I did." Report of Proceedings at 359.