[No. 21453-9-II. Division Two. December 12, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. BERTHA A. FILBECK, *Appellant*.

*Judith H. Stone* for appellant (appointed counsel for appeal).

*Michael D. Smith, Prosecuting Attorney*, for respondent.

HOUGHTON, C.J. — Bertha A. Filbeck appeals from a conviction of third degree assault in violation of RCW 9A.36.031(1)(g),[1] on grounds that the jury was improperly instructed. We reverse and remand.

## FACTS

On December 6, 1995, at about 10:30 P.M., Officer Langendorfer received information from dispatch about a possible motor vehicle accident. Upon arriving at the scene, Langendorfer noticed a woman lying face down in the middle of the road. Initially, Langendorfer saw a car on the shoulder of the road and determined that the car had hit the victim. Two women standing by the side of the road identified the victim as Kim Nowlin.

Langendorfer then heard another person standing 150 feet down the road, shouting in Langendorfer's direction. That individual (later identified as Filbeck) seemed to have some injuries. As Langendorfer approached Filbeck, she started to walk away. He could see that she had a head wound and was bleeding profusely. Langendorfer presumed that Filbeck was also hit by the same vehicle. He identified himself as a deputy sheriff and told Filbeck that he was there to help her. Filbeck said "Get the fuck away from me you fucking pig. I'm looking for my son." Filbeck appeared intoxicated.

---

[1] **9A.36.031 Assault in the third degree.**

(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:

. . . .

(g) Assaults a law enforcement officer or other employee . . . who was performing his or her official duties at the time of the assault.

Langendorfer grabbed Filbeck's right arm in order to persuade her to go back and wait for the emergency unit, but Filbeck spat at Langendorfer and took a swing at him with her left arm. She then made a comment that "[t]hat bitch jumped me. Nobody fucks with me like that." During this time she swung at Langendorfer again and thrashed her left arm about. Langendorfer stated that Filbeck never actually hit him.

Filbeck admitted that she was heavily intoxicated on the night in question. She testified that she heard a man's voice telling her that she was hurt and could not go home. She did not see Langendorfer in his full uniform and thought he was the driver of the vehicle who had run over the victim on the road. She pulled away from the man because she did not like being grabbed. She denied using the derogatory term "pig." Filbeck appeals from a jury conviction of third degree assault.

## ANALYSIS

Filbeck contends that knowledge is an element of the offense of assault of an officer and that she was denied a fair trial because the "to convict" instructions failed to include knowledge as an element of the offense. She raises this issue for the first time on appeal.

██ ██ A defendant does not receive a fair trial where "the jury must guess at the meaning of an essential element of a crime or if the jury might assume that an essential element need not be proved." *State v. Smith*, 131 Wn.2d 258, 263, 930 P.2d 917 (1997). In the absence of all of the elements, an error of constitutional magnitude occurs, which can be raised for the first time on appeal. *City of Seattle v. Norby*, 88 Wn. App. 545, 945 P.2d 269 (1997).

Instruction No. 15 is identical to WPIC 35.23.02:

> To convict the defendant of the crime of assault in the third degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the 6th day of December, 1995, the

defendant BERTHA A. FILBECK assaulted DEPUTY BOB LANGENDORFER OF PACIFIC COUNTY SHERIFF'S OFFICE; .

(2) That at the time of the assault DEPUTY BOB LANGENDORFER was a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties; and

(3) That the acts occurred in the State of Washington, County of Pacific.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

11 WASHINGTON PRACTICE, WASHINGTON PATTERN JURY INSTRUCTIONS — CRIMINAL, WPIC 35.23.02 at 411 (2d ed. 1994).

■■ In *State v. Allen*, 67 Wn. App. 824, 826, 840 P.2d 905 (1992), Division Three of this court held that when the same offense could constitute either a felony or a misdemeanor, knowledge of the fact that the victim is an officer engaging in performing official duties becomes an element of the felony charge. *Allen*, 67 Wn. App at 826-28. This analysis is based upon the premise that "[i]f the definition of a crime includes a particular result as well as an act, the mental element relates to the result as well as to the act." *Allen*, 67 Wn. App at 826.

Citing *Allen*, our Supreme Court recently raised this issue without deciding it. *State v. Tunney*, 129 Wn.2d 336, 338-39, 917 P.2d 95 (1996). Referring to 13A SETH AARON FINE, WASHINGTON PRACTICE, CRIMINAL LAW § 404 (Supp. 1996), the court noted that commentators disagree with *Allen*'s holding because "the mental element for assault is the intent to commit a battery or to create apprehension of harm, not the intent to accomplish some further goal." *Tunney*, 129 Wn.2d at 339 n.2. In *Tunney*, the court held that the knowledge element could be implied from the word

"assault" forthe purposes of sufficiency of an information charging the defendant under RCW 9A.36.031(1)(g).

The Supreme Court has held that RCW 9A.36.031(1)(g), assault of an officer, is a different offense from other assaults listed under RCW 9A.36.031(1)(a). *State v. Mierz*, 127 Wn.2d 460, 478, 901 P.2d 286 (1995). Moreover, the court noted in *Smith*, 131 Wn.2d at 259, that even if knowledge is an implicit element of assault and not unfair to an assailant, the jury should not be left to make assumptions on what the elements of an offense are.

■ The *Allen* analysis is persuasive and we adopt it. But the State counters that even if knowledge should have been included in the "to convict" instruction, the error was harmless due to overwhelming evidence that Filbeck knew she was assaulting an officer.

> A constitutional error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result in the absence of the error. Constitutional error is presumed to be prejudicial and the State bears the burden of proving that the error was harmless. *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985) [*cert. denied*, 475 U.S. 1020 (1986)]; *see also State v. Ng*, 110 Wn.2d 32, 37, 750 P.2d 632 (1988).

*State v. Holt*, 56 Wn. App. 99, 105, 783 P.2d 87 (1989), *review denied*, 114 Wn.2d 1022 (1990). Based upon this record, the error was not harmless.

Reversed and remanded for trial with proper instructions.

BRIDGEWATER and ARMSTRONG, JJ., concur.