[No. 39567-0-I.   Division One.   April 20, 1998.]
THE STATE OF WASHINGTON, *Respondent*, v. JOHN PAUL ANDREE, *Appellant*.

---

[7]*McConiga v. Riches*, 40 Wn. App. 532, 536, 700 P.2d 331 (1985).

[8]*First Union Management, Inc. v. Slack*, 36 Wn. App. 849, 854, 679 P.2d 936 (1984).

*Kelly V. Curtin* and *Rosemary H. Kaholokula* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Brian M. Mc-Donald, Deputy*, for respondent.

GROSSE, J. — The elements of animal cruelty in the first degree are set forth in RCW 16.52.205, and include intentionally causing substantial pain or physical injury to an animal or the intentional killing of an animal by a means causing undue suffering. We hold that a defendant who kills a kitten by stabbing it nine times with a hunting knife falls within the clear proscriptions of the statute and further that the term "undue suffering" is not vague. Thus, we affirm.

We consider Andree's vagueness challenge only as

the statute applies to him because RCW 16.52.205 does not involve freedoms protected by the First Amendment.[1] The statute sets forth three separate and distinct acts amounting to first degree animal cruelty:

> A person is guilty of animal cruelty in the first degree when, except as authorized in law, he or she intentionally (a) inflicts substantial pain on, (b) causes physical injury to, or (c) kills an animal by a means causing undue suffering, or forces a minor to inflict unnecessary pain, injury, or death on an animal.

An act contrary to any one of these alternatives is a complete violation of the statute. Because Andree's actions are clearly prohibited under the first two alternatives, his vagueness challenge fails.

The State presented substantial evidence that Andree stabbed the kitten nine times with a hunting knife. In fact, Andree admitted the stabbing to a police officer and signed a statement containing details of the act. A veterinarian testified that the multiple wounds inflicted on the frontal portion of the kitten would have been painful, and the kitten had definitely shown desire to get away. This conduct, at the very least, violates the statute's first two alternatives, causing physical injury and substantial pain to an animal. As a result, Andree's conduct clearly falls under the statute, and his challenge to the statute on the basis of vagueness fails.

In reaching this conclusion, we hold that the term "undue suffering" does not modify the terms "substantial pain" or "physical injury." Because Andree's conduct falls squarely under the statute's other proscriptions we need not determine whether the phrase "undue suffering" is vague in its application to killing an animal. However, even conducting a vagueness analysis, the phrase survives Andree's challenge.

In Washington, a criminal statute is evaluated for vagueness under the United States Constitution's four-

---

[1]*City of Spokane v. Douglass*, 115 Wn.2d 171, 182, 795 P.2d 693 (1990).

teenth amendment due process clause which requires that the statute provide: (1) adequate notice of the proscribed conduct, and (2) adequate standards to prevent arbitrary enforcement.[2] Andree argues that the statute does not define "undue suffering," and because the Legislature could not have intended the phrase to have the plain, ordinary meaning given by a dictionary, the statute is void for vagueness. Specifically, in his brief, Andree states that the dictionary defines "undue" as " 'excessive or immoderate,' " and "suffering" as " 'the undergoing of pain, distress, or injury.' " He argues that because the statute does not proscribe due suffering, and because it does not indicate how much suffering would be either excessive or immoderate when causing substantial pain, physical injury, or death, a person of common intelligence must guess how much suffering would be unusual when committing one of the proscribed acts.

The fact that a statutory term is not defined and requires a subjective evaluation, however, does not automatically mean that the statute is unconstitutionally vague.[3] If persons " 'of ordinary intelligence can understand a penal statute, *notwithstanding some possible areas of disagreement*, it is not wanting in certainty.' "[4] Impossible standards of specificity are not required.[5]

As the phrase applies only to killing an animal, the question in this case, therefore, is whether a person of ordinary intelligence would understand that killing a kitten by stabbing it nine times with a hunting knife would cause undue suffering. Evaluated in this context, the phrase gives fair notice of an objective standard of reasonableness, which is clearly within a layman's understanding. The phrase is therefore not vague.

---

[2]*State v. Talley*, 122 Wn.2d 192, 212, 858 P.2d 217 (1993); *City of Seattle v. Eze*, 111 Wn.2d 22, 26, 759 P.2d 366 (1988).

[3]*See Douglass*, 115 Wn.2d at 180-81.

[4]*Eze*, 111 Wn.2d at 27 (citation omitted).

[5]*Id.* at 26.

Andree next argues that to convict a defendant of killing an animal in violation of the animal cruelty statute the State must prove that the defendant actually intended to cause undue suffering, and that there is a lack of sufficient evidence in this case that he intended to cause that result. In support of his argument, he cites Division Three's opinion in *State v. Allen,* holding, "If the definition of a crime includes a particular result as well as an act, the mental element relates to the result as well as to the act . . . ."[6] The *Allen* court reasoned that unless otherwise stated the mens rea element must apply to the result of a crime where the distinction drawn between the severity of crimes depends upon the result of the otherwise illegal act.[7] Here, because of the strength of the evidence we need not reach this conclusion. But even applying an intent requirement, Andree's claim fails.

A claim of insufficient evidence admits the truth of the State's evidence and all inferences that can be reasonably drawn therefrom.[8] To overturn a conviction or grant a new trial, viewing the evidence in the light most favorable to the State, we must be able to say, as a matter of law, that there is no substantial evidence or reasonable inferences to sustain the verdict for the nonmoving party.[9]

Andree's own admissions, however, were sufficient to support a conviction based on causing physical injury to the kitten, and the testimony of the veterinarian was sufficient to establish that the kitten suffered substantial pain. Moreover, while specific intent cannot be presumed, a jury

---

[6]*State v. Allen,* 67 Wn. App. 824, 826-27, 840 P.2d 905 (1992) (requiring knowledge that the victim of an intentional assault was a police officer engaged in performing his official duties to prove third degree assault). *See also State v. Tunney,* 77 Wn. App. 929, 931-32, 895 P.2d 13 (1995), *aff'd on other grounds,* 129 Wn.2d 336 (1996). These cases are consistent with the MODEL PENAL CODE § 2.02(4), 10 U.L.A. § 466 (1974), but have been the subject of some criticism. *See State v. Tunney,* 129 Wn.2d 336, 339 n.2, 917 P.2d 95 (1996).

[7]*See Allen,* 67 Wn. App. at 826-27.

[8]*State v. Wilson,* 71 Wn. App. 880, 891, 863 P.2d 116 (1993), *rev'd on other grounds,* 125 Wn.2d 212 (1994).

[9]*Hizey v. Carpenter,* 119 Wn.2d 251, 271-72, 830 P.2d 646 (1992).

may infer Andree intended to cause the kitten undue suffering where his "conduct plainly indicates the requisite intent as a matter of logical probability."[10] Based on the evidence presented at trial, including the manner chosen to kill the kitten and the nature of the wounds, there was sufficient evidence for a reasonable jury to conclude that Andree possessed the requisite intent.

As in *Allen*, the jury in this case was asked to determine whether the result occurred, and not whether Andree intended the result.[11] Unlike Allen, however, Andree did not assert a constitutional challenge to the jury instructions at trial, and does not assert one now on appeal. We decline to raise the issue sua sponte. There was sufficient evidence to support the jury's verdict beyond a reasonable doubt as to each of the alternative means charged. The unchallenged jury instructions become the law of the case.[12] The trial court is affirmed.

BAKER and BECKER, JJ., concur.

Reconsideration denied July 29, 1998.

Review denied at 137 Wn.2d 1014 (1998).

---

[10]*State v. Stearns*, 61 Wn. App. 224, 228, 810 P.2d 41 (1991).

[11]*Allen*, 67 Wn. App. at 828. In regard to the third degree assault charge in *Allen*, due process required the jury to be instructed that one of the elements to be proven beyond a reasonable doubt was the defendant's knowledge that the victim of the assault was a law enforcement officer engaged in performing his official duties.

[12]*State v. Salas*, 127 Wn.2d 173, 897 P.2d 1246 (1995).